Clyde W. RECORD, Appellant,

v.

**IOWA MERIT EMPLOYMENT DEPART-MENT, and W. L. Keating, Director, and Thelma Heitsman and Alice McKee, Department Hearing Officers, Appellees,**

**Iowa Department of Job Service, Intervenor-Appellee.**

No. 62980.

Supreme Court of Iowa.

Nov. 14, 1979.

Robert C. Oberbillig, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen. and Fred M. Haskins, Asst. Atty. Gen., for appellees.

Walter F. Maley and Blair H. Dewey, Des Moines, for intervenor-appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK and McGIVERIN, JJ.

McGIVERIN, Justice.

The petition for judicial review filed by petitioner Clyde W. Record was dismissed by the district court due to lack of jurisdiction because of petitioner's failure to comply with the jurisdictional notice requirements of section 17A.19(2), The Code 1975. We affirm.

Record was an employee of the State of Iowa working for intervenor Iowa Department of Job Service when he was discharged in 1976 due to a number of alleged job-related deficiencies. He appealed his discharge to respondent, Iowa Merit Employment Department, pursuant to section 19A.14, The Code 1975. An evidentiary hearing was held before the Iowa Merit Employment Commission at which time Record and representatives of Job Service, the "appointing authority" under section 19A.2(5),[1] properly appeared and participated.

Proceedings before the Merit Commission were conducted under section 19A.14, which provides:

Any employee who is discharged, suspended, or reduced in rank or grade, except during his probation period, may appeal to the appointing authority and if not satisfied, may, within thirty days after such discharge, reduction, or suspension appeal to the commission for review thereof. Upon such review, *both the appealing employee and the appointing au-*thority *whose action is reviewed shall,* within thirty days following the date of filing of the appeal to the commission, *have the right to a hearing* closed to the public, unless a public hearing is requested by the employee, *and to present evidentiary facts thereat.* Technical rules of evidence shall not apply at any hearing so held. If the commission finds that the action complained of was taken by the appointing authority for any political, religious, racial, national origin, sex, age, or nonmerit reasons, the employee shall be reinstated to his former position without loss of pay for the period of the suspension. In all other cases *the merit employment commission shall have jurisdiction to hear and determine the rights of merit system employees and may affirm, modify, or reverse any case on its merits. Judicial review of the action of the commission may be sought in accordance with the terms of the Iowa administrative procedure Act.*

(Emphasis added). This section expressly authorizes judicial review under the Iowa Administrative Procedure Act, Chapter 17A, The Code. *See generally* § 17A.1(2).

In its decision, the Commission reinstated Record to his job but imposed a disciplinary suspension equal to ninety-one days.

On August 24, 1976, Record filed a petition for judicial review in district court under chapter 17A, The Code 1975, alleging the length of the suspension violated section 19A.9(15), The Code 1975. He listed as parties in the petition the Iowa Merit Employment Department, its director and members of the Commission. § 17A.19(4) ("The petition for review shall name the agency as respondent . . . .."). He mailed copies of the petition to them pursuant to section 17A.19(2). The decision of the Commission was the agency action to be reviewed by the court.

Record did not notify Job Service in any way of the filing of his petition for judicial review.

---

1. Section 19A.2(5) provides:

"Appointing authority" means the chairman or person in charge of divisions of the state government including, but not limited to, boards, bureaus, commissions, *departments* and other divisions or an employee designated to employ persons by such an appointing authority. [Emphasis added.]

On October 7 Job Service filed an appearance and petition of intervention in the district court pursuant to section 17A.19(2), alleging the judicial review action should be dismissed for lack of subject matter jurisdiction due to petitioner's noncompliance with section 17A.19(2) in failing to serve Job Service with a copy of the petition for judicial review.

The court ruled that Job Service was one of the "parties of record" as that term is used in section 17A.19(2) and that failure to serve that agency deprived the court of jurisdiction to hear the petition for judicial review.

Record claims on appeal that the district court erred when it dismissed his petition for judicial review for having failed to notify the Iowa Department of Job Service pursuant to section 17A.19(2).

Section 17A.19(2) specifically requires in a "contested case" that a file stamped copy of the petition for judicial review shall be mailed by the petitioner to "all parties of record" in the case before the agency. That section provides in relevant part:

> Within ten days after the filing of a petition for judicial review file stamped *copies of the petition shall be mailed by the petitioner to* all parties named in the petition and, if the petition involves review of agency action *in a contested case, all parties of record in that case before the agency. Such mailing shall be jurisdictional* and shall be addressed to the parties at their last known mailing address. Proof of mailing shall be by affidavit. Any party of record in a contested case before an agency wishing to intervene and participate in the review proceeding thereon must file an appearance within forty-five days from the time the petition is filed.

(Emphasis added).

■ The enabling statute, section 19A.14, requires that when an employee, who is discharged by the "appointing authority," appeals to the Merit Commission for review, both the appealing employee and the appointing authority shall have the right to a hearing and the right to present evidentiary facts. Because the Merit Commission was required by statute to make its determination after an opportunity for an evidentiary hearing, the proceeding in this case was a "contested case" within the meaning of section 17A.2(2).[2] Therefore, petitioner, in seeking judicial review of the decision of the Merit Commission, was required to mail a file stamped copy of his petition for judicial review to "all parties of record" before the Merit Commission.

The term "party" is defined in section 17A.2(5) as follows: " 'Party' means *each* person or *agency named or admitted as a party,* or properly seeking and entitled as of right to be admitted as a party." (Emphasis added).

■ State agencies have always had the right to participate in and appeal from decisions of the Iowa Merit Employment Commission. *See Iowa Department of Social Services v. Iowa Merit Employment Department,* 261 N.W.2d 161 (Iowa 1977); *Iowa Department of Revenue v. Iowa Merit Employment Commission,* 243 N.W.2d 610 (Iowa 1976) (decided under the certiorari procedure specified by section 19A.14 prior to the adoption of the Iowa Administrative Procedure Act); *Iowa Employment Security Commission v. Iowa Merit Employment Commission,* 231 N.W.2d 854 (Iowa 1975).

■ Clearly, the Iowa Department of Job Service (established by section 96.10, The Code) as the "appointing authority" under section 19A.2(5) that participated in the proceedings before the Merit Commission, was one of the "parties of record" as that term is defined in section 17A.2(5). Therefore, Job Service was entitled to be mailed

2. Section 17A.2(2) provides:
"Contested case" means a proceeding including but not restricted to ratemaking, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency *after an opportunity for an evidentiary hearing.* [Emphasis added.]

a file stamped copy of Record's petition for judicial review under section 17A.19(2). Not only did petitioner fail to do so, he did not notify Job Service in any way.

Petitioner argues the real party in interest was the State of Iowa acting through its representative, the Merit Commission, and that because the Merit Commission was given notice, section 17A.19(2) was satisfied. However, this argument overlooks the language in section 17A.19(2), which requires a mailing to "all parties of record" before the agency (Merit Commission). The "appointing authority," Job Service, by virtue of section 19A.14 and because of its participation in the proceeding before the Merit Commission, was such a party.

■ In the context of employee discharges, it is not the Merit Commission but the "appointing authority" which is the employer and the real party in interest. The power of the Merit Commission over such matters as pay plans, *see Peters v. Iowa Employment Security Commission*, 235 N.W.2d 306 (Iowa 1975), and appeals from discharges should not obscure the fact that, under section 19A.14, Job Service as the "appointing authority" was an interested party appearing before the Merit Commission.

■ Section 17A.19(2) provides that its requirements are jurisdictional. The standards imposed by the legislature under the Iowa Administrative Procedure Act will be enforced by this court. *Kerr v. Iowa Public Service Co.*, 274 N.W.2d 283, 287 (Iowa 1979); *Richards v. Iowa State Commerce Commission*, 270 N.W.2d 616, 619 (Iowa 1978); *Iowa Public Service Co. v. Iowa State Commerce Commission*, 263 N.W.2d 766 (Iowa 1978).

■ Petitioner argues that Job Service should not be allowed to raise his lack of compliance with section 17A.19(2) because it was not a proper party to the judicial review action. However, Job Service was entitled to intervene under section 17A.19(2). In light of the jurisdictional nature of the requirements of section 17A.19(2), *see Kerr*, 274 N.W.2d at 287, and given that Job Service properly intervened,

it was entitled to raise lack of compliance with that statute. Also, this court could raise lack of compliance with section 17A.19(2) on its own motion. *See Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978).

We therefore hold that district court, because it lacked jurisdiction under section 17A.19(2), properly dismissed Record's petition for judicial review.

We have considered all contentions of petitioner relative to the jurisdictional issue, even though not specifically discussed.

The court's ruling was correct. Therefore, we do not reach other issues raised here by petitioner.

AFFIRMED.