DEPARTMENT OF TRANSPORTA-TION, Federal Aviation Administration, Appellant,

v.

IOWA DEPARTMENT OF JOB SERVICE, Appellee,

and

Kenneth R. Nowasatka, et al., Appellees.

No. 69322.

Supreme Court of Iowa.

Dec. 21, 1983.

Kenneth E. Geier, Regional Counsel, Dwight L. Larison, Kansas City, Mo., and Christopher D. Hagen, Asst. U.S. Atty., for appellant.

Walter F. Maley, Blair H. Dewey, and Edmund Schlak, Jr., Des Moines, for appellee agency.

Leroy J. Sturgeon, Sioux City, for appellee claimants.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ and WOLLE, JJ.

McCORMICK, Justice.

We must here decide whether a non-lawyer who represented claimants before respondent Iowa Department of Job Service is an "attorney of record in the proceeding before the agency" for purposes of service of a petition for judicial review. *See* Iowa Code § 17A.19(2) (1983). Petitioner Department of Transportation, Federal Aviation Administration, provided notice of filing of its petitions for judicial review only by mailing copies of the petitions to the

non-lawyer representative and Job Service. After finding that a non-lawyer is not an attorney within the meaning of the service statute, the district court sustained the special appearances of claimants and Job Service. We affirm the district court.

■ At issue here is the interpretation of the word "attorney" as it appears in section 17A.19(2), which provides in material part:

Proceedings for judicial review shall be instituted by filing a petition either in Polk county district court or in the district court for the county in which the petitioner resides or has its principal place of business.... Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency. A mailing shall be addressed to the parties or their attorney of record at their last known mailing address. Proof of mailing shall be by affidavit. Any party of record in a contested case before an agency wishing to intervene and participate in the review proceeding must file an appearance within forty-five days from the time the petition is filed.

The district court does not acquire jurisdiction of a petition for judicial review in the absence of substantial compliance with the statutory service requirements. *Cowell v. All-American, Inc.*, 308 N.W.2d 92, 94 (Iowa 1981).

The claimants are six air controllers who were dismissed by petitioner for allegedly engaging in an unlawful strike. Job Service upheld claimants' right to unemployment compensation in the face of a misconduct defense urged by petitioner. Timely petitions for judicial review were filed by petitioner in the Iowa District Court for Woodbury County. Within ten days, petitioner mailed copies of its petitions to Richard Sturgeon, a union business agent who had appeared for claimants in the agency proceedings, and to Job Service. Petitioner did not otherwise attempt service on claimants. Claimants and Job Service filed special appearances in district court. Claimants' special appearance was supported by an affidavit of Sturgeon. In his affidavit Sturgeon asserted he had appeared for claimants before the agency but is not an attorney and never represented to anyone that he was an attorney. In resisting the special appearances, petitioner did not controvert Sturgeon's affidavit but instead alleged that as claimants' authorized representative before the agency Sturgeon was their attorney of record for purposes of the service statute.

Under an agency regulation in 370 Iowa Administrative Code section 6.2(6)(c) any party is authorized in Job Service proceedings to "appear by, or be represented by, an attorney-at-law or a duly authorized representative of an interested party." Each claimant executed an agency form designating Sturgeon as his representative, and the forms were filed with Job Service. The determinative question here is whether this designation made Sturgeon the claimants' "attorney of record in the proceeding before the agency" as that language is used in section 17A.19(2).

■ General rules of statutory interpretation are delineated in *Doe v. Ray*, 251 N.W.2d 496, 500–01 (Iowa 1977). In ascertaining legislative intent, we must consider the context and approved usage of the language; we must also give effect to the appropriate and peculiar meaning of technical words and phrases. § 4.1(2).

The most common meaning of the word "attorney" is "attorney-at-law." *See Man-*

*chin v. Browning,* 296 S.E.2d 909, 918 n. 5 (W.Va.1982). This is the meaning given the word as it appears in our rules relating to service of notice. *See, e.g.,* Iowa R.Civ.P. 82(b) ("Service [of pleadings and other papers] upon a party represented by an attorney shall be made upon the attorney unless service upon the party himself is ordered by the court."). When the General Assembly employs the term to designate an attorney-in-fact to receive notice, it usually does so by specific language. *See, e.g.,* Iowa Code § 85.3(2) (nonresident employers in workers' compensation cases— "In addition to those persons authorized to receive personal service as in civil actions as permitted by chapter 17A, such employer shall be deemed to have appointed the secretary of state of this state as its lawful attorney upon whom may be served or delivered any and all notices...."); § 321.-498(2) (nonresident motorists—"The acceptance ... shall be deemed: ... (2) An appointment by such nonresident of the director of this state as his lawful attorney upon whom may be served all original notices of suit pertaining to such actions and proceedings...."); § 617.3 (long-arm statute—"[Actions in the State of Iowa] shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice...."). No such language was used in section 17A.19(2).

■ We do not believe the General Assembly intended to give the responsibility of receiving notice under section 17A.19(2) to a non-lawyer who appeared for the party merely as a spokesperson in the concluded agency proceedings. The risk is too great that a person without legal training would not realize the legal significance of receiving a copy of the petition. Moreover, because the non-lawyer could not represent the party in court, the most that the person could do would be to deliver the paper to the party. The mailing to the non-lawyer would thus serve no function not served by mailing the paper directly to the party. It is unlikely the legislature would prescribe such a circuitous route for giving notice to a party not represented by a lawyer. We conclude that "attorney" in section 17A.19(2) means "attorney-at-law."

Petitioner contends this means a party who does not know whether the adversary's representative before the agency was a lawyer must search the records of all fifty states to find out. We do not think the problem is so complicated. A simple alternative exists when the petitioner does not know whether the party had a lawyer in the agency proceeding. The petitioner may comply with the statute by having the copy served on or mailed to the party directly.

■ In this case petitioner did not substantially comply with the notice requirements of section 17A.19(2). Because petitioner did not comply with this jurisdictional prerequisite to district court review, the district court did not acquire jurisdiction of the case. The ruling on the special appearance was correct.

AFFIRMED.