**R.K. RICHARDS, Appellant,**

v.

**IOWA DEPARTMENT OF
REVENUE, Appellee.**

No. 84–260.

Supreme Court of Iowa.

Feb. 13, 1985.

R.K. Richards, pro se.

Thomas J. Miller, Atty. Gen., and Harry M. Griger, Sp. Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

When petitioner filed his petition for judicial review of a decision of the Iowa Department of Revenue (department), he personally delivered a copy of the petition to the office of an attorney for a party in the case, but he did not take an acknowledgment of service. The district court granted the department's special appearance. It read into the service requirements of the pertinent statute governing judicial review (Iowa Code § 17A.19(2) (1983)) that part of Iowa Rule of Civil Procedure 52 which prohibits a party from serving an original notice without taking an acknowledgment of service. We reverse and remand, concluding that the intent of the legislature was to permit the petitioner seeking judicial review to perform personally the task of either mailing or otherwise serving the petition upon all necessary parties.

In the action before the agency petitioner, a taxpayer, attempted to have the department revoke a property tax exemption which the Story County assessor had granted to Northcrest, Inc. (Northcrest). *See* Iowa Code § 427.1(26) (permitting "any taxpayer" to apply to the director for revocation of a real estate tax exemption). On September 20, 1983, following a contested case proceeding before the agency, the department's director refused to revoke the exemption.

Petitioner filed a petition for judicial review of that agency decision, mailed a copy of the petition to the department, and also personally delivered a copy of the petition to the office of the attorney for Northcrest. He did not take from Northcrest's attorney an acknowledgment of service, the procedure which rule 52 would have required if petitioner had been attempting to serve an original notice by personal delivery.

In its special appearance, the department contended that petitioner had failed to satisfy the jurisdictional requirements of Iowa Code section 17A.19(2) (1983), because he had not served the petition in a manner permitted by the statute. The district court so held, and petitioner appealed.

■ Preliminarily we note that there is no dispute about what petitioner did in attempting to satisfy the statutory requirements for service. Neither is there any question but that Iowa Code section 17A.19 is the exclusive means of obtaining review of agency action. *See, e.g., Sommers v. Iowa Civil Rights Commission,* 337 N.W.2d 470, 472 (Iowa 1983); *Benson v. Fort Dodge Police Pension Board,* 312 N.W.2d 548, 550 (Iowa 1981); *Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 833 (Iowa 1979). A district court does not acquire jurisdiction of a petition for judicial review in the absence of substantial compliance with the statutory service requirements. *Department of Transportation v. Iowa Department of Job Service,* 341 N.W.2d 752, 754 (Iowa 1983); *Cowell v. All-American, Inc.,* 308 N.W.2d 92, 94 (Iowa 1981).

In reviewing the district court's grant of the department's special appearance we

first must determine whether it correctly construed the service requirements of our administrative procedure act found in Iowa Code section 17A.19(2) (1983). That statute provides in pertinent part:

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency.

The department argued, and the district court held, that one of the referenced "rules of civil procedure for the personal service of an original notice" was rule 52 which provides:

> Original notices may be served by any person who is neither a party nor the attorney for a party to the action. A party, his agent or attorney may take an acknowledgement of service and deliver copy of notice in connection therewith, and may mail copy of original notice when mailing is required or permitted under any rule or statute.

Petitioner's service was found deficient because he was a party to the action who had not taken an acknowledgment of service from the person served.

■ For several reasons we disagree with the district court's construction of the statute. The meaning of section 17A.19(2) must first be gleaned from its wording. We search for the legislative intent in what the legislature said rather than what it should or might have said. Iowa R.App.P. 14(f)(13). In deciding whether the rule 52 restriction on service by a party should be read into section 17A.19(2), we are struck by the placement and use of the words "petitioner shall serve" in that statute. Even though the statute borrows from the rules of civil procedure some of the methods of service which may be used, that three-word phrase seems expressly to announce that a party, the petitioner, may make use of all means thereafter provided.

■ The legislative history of section 17A.19(2) is also instructive and may be considered when we search for legislative intent. See Iowa Code § 4.6(3) (1983). Prior to 1981 the statute made no reference to the rules of civil procedure and simply provided that "copies of the petition shall be mailed by the petitioner" to the required parties. Two decisions of our court interpreting that statutory language triggered the change to its present wording. In *Neumeister v. City Development Board*, 291 N.W.2d 11, 13–14 (Iowa 1980), and again in *Dawson v. Iowa Merit Employment Commission*, 303 N.W.2d 158, 160 (Iowa 1981), we held that the statute required petitioners to mail the petition and did not permit the types of personal service which were ordinarily used for serving original notices. In the wake of those decisions, the legislature amended section 17A.19(2) by expanding the means available to petitioners to accomplish service of the petition. 1981 Iowa Acts ch. 24, § 1 (West 1981). We sense that the purpose of the amendment was to relax the statutory service requirements for persons seeking judicial review of agency decisions. That purpose would not be furthered by reading into the statute the rule 52 restriction on service by parties and their attorneys. We prefer to further that purpose by reading the statute to permit petitioners to serve petitions for judicial review by any of the methods set forth in the statute.

■ We believe our construction of this statute also properly recognizes that original notices serve a somewhat different purpose than petitions for judicial review. Original notices commence the litigation process, whereas petitions for judicial review merely initiate a further proceeding, appellate in nature, in litigation previously commenced before an agency. See *Public Employment Relations Board v. Stohr*, 279 N.W.2d 286, 290 (Iowa 1979). Ordinarily the parties served with a copy of the petition for judicial review have already been engaged in adversary proceedings

within the agency and know what the case is all about. The last sentence of the statute seems to recognize this difference by providing for service upon an attorney for the party even though ordinarily original notices must be served upon parties themselves. *See* Iowa R.Civ.P. 56. We recognize this difference when we construe the preceding portion of the statute as well. The words "petitioner shall serve" should be read to permit the petitioner personally to accomplish service in any of the ways this statute describes.

The obvious reason for the rule 52 restriction against service of process by parties and their attorneys is to assure the court that the return of service will be vouched by a disinterested party or proved by an acknowledgment signed by the party served. *See* A. Vestal, *Comments on Recent Cases,* 36 Iowa L.Rev. 381, 382 (1951). We conclude that section 17A.19(2) does not incorporate by reference the rule 52 restriction on service by parties and their attorneys because the legislature did not believe such formalities were necessary for initiating judicial review, an essentially appellate proceeding.

Our conclusion is supported by the reasoning of *Economy Forms Corp. v. Potts,* 259 N.W.2d 787 (Iowa 1977). There too we construed language of a statute providing for appellate jurisdiction of the district court. Iowa Code section 441.38 (1977) authorized appeals to the district court from tax assessment decisions of local boards of review, and provided:

> Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice.

The plaintiff in *Economy Forms* contended that the reference to service "as an original notice" borrowed all procedural rules governing service, including rules 48, 49 and 55 which provided that the filing of a petition was deemed commencement of an action for purposes of tolling statutes of limitations. We disagreed, drawing the distinction between an appeal from a decision of the board of review which was not an original action, and procedures for com-

mencement of original actions in district court. *Id.* at 788. Just as the reference in section 441.38 to service "as an original notice" did not make all Iowa rules of procedure applicable to appeals in assessment cases, so does the statutory reference to the "means provided in the Iowa rules of civil procedure" borrow only the methods provided in rule 56 and not the restrictions of rule 52.

Petitioner's service of a copy of the petition upon Northcrest's attorney satisfied the procedural requirements of Iowa Code section 17A.19(2) (1983). Consequently we need not address the several alternative arguments which petitioner has also presented in this appeal. Because the department's special appearance should have been overruled, we remand the case to the district court so it may hear and decide the substantive issues raised by the petition for judicial review.

REVERSED AND REMANDED.