Wilbur DEVINE, Jr.,
Plaintiff-Appellant,

v.

Mike WILSON, Defendant-Appellee.

No. 84–889.

Court of Appeals of Iowa.

June 25, 1985.

Paul H. Rosenberg of Rosenberg, Rosenberg & Reade, Des Moines, for plaintiff-appellant.

Dennis W. Johnson of Belin, Harris, Helmick, Heartney & Tesdell, Des Moines, for the defendant-appellee.

HAYDEN, Judge.

Plaintiff appeals from the district court's granting of a judgment notwithstanding the verdict in an action for legal malpractice.

Plaintiff, Wilbur Devine, was hired by the Iowa Department of Public Safety (DPS) on October 5, 1975, as an undercover agent in vice enforcement. He became a tenured employee after a one-year probationary period. On October 10, 1976, while off duty, plaintiff, who was married at the time, went to Iowa City accompanied by a woman who was not his wife. After attending a football game plaintiff and his companion visited two bars. Plaintiff testified he consumed four to six drinks between approximately 5:30 p.m. and 2:00 a.m. As they were leaving the second bar at closing time a man made a racially derogatory comment to plaintiff. When plaintiff asked him to repeat it the man hit plaintiff in the mouth and fled. Plaintiff caught the assailant, identified himself as a peace officer, and drew his gun. Plaintiff was grabbed by two bartenders and the assailant escaped. The incident was investigated by the Iowa City Police Department.

Upon returning to work plaintiff filed a report with his employer in which he stated he was with his wife at the time of the incident. Several days later, after being confronted by a superior, plaintiff filed another report correcting the inaccuracy.

Thereafter plaintiff was suspended from duty and on November 23, 1976, charges were filed against him by DPS with the

Iowa Executive Council. The charges alleged violation of numerous departmental rules, including unbecoming conduct, taking state equipment, namely his firearm, to Iowa City without authorization, carrying a firearm while consuming intoxicating beverages, drawing a firearm in a crowded bar, making a false statement to another peace officer, committing a felony by violating Iowa Code section 702.1 (1975), and filing a report knowing it contained false information. The charges cited three prior oral reprimands of plaintiff and recommended the termination of his employment.

Plaintiff contacted the defendant attorney who agreed to represent him. Hearings were held before a hearing officer of the Iowa Department of Job Service and the Executive Council. The Executive Council entered a final decision on April 25, 1977, terminating plaintiff's employment.

Plaintiff filed a petition for judicial review which was served upon the Executive Council but not upon DPS. A special appearance was filed by the Executive Council challenging the jurisdiction of the district court. Judge Denato ruled that plaintiff's documents substantially complied with the requirements of Iowa Code chapter 17A and denied the special appearance. On the merits of the case Judge Miller reversed the agency's decision to dismiss plaintiff and, instead, upheld a suspension of plaintiff without pay. On appeal the supreme court reversed the district court decision stating that the district court lacked jurisdiction over the case because service on DPS was required by the statute. *Devine v. Iowa Department of Public Safety*, 286 N.W.2d 415 (Iowa 1979).

Plaintiff filed the present action against defendant alleging malpractice. At trial there was no expert testimony on the issue of the reasonableness of defendant's conduct. The trial court denied defendant's motions for directed verdict. The jury returned a verdict for plaintiff in the amount of $25,000. The trial court granted defendant's motion for judgment notwithstanding the verdict.

Our review of this action at law is on assigned error. Iowa R.App.P. 4. A party is entitled to a judgment notwithstanding an adverse verdict if that party moved for and was entitled to a directed verdict at the close of all the evidence. Iowa R.Civ.P. 243(b). In considering the propriety of a motion for directed verdict the trial court views the evidence in the light most favorable to the party against whom the motion is made. Iowa R.App.P. 14(f)(2).

In order to recover for legal malpractice plaintiff must show that defendant was negligent in handling his litigation and that plaintiff would have prevailed in the underlying litigation but for defendant's negligence. *Baker v. Beal*, 225 N.W.2d 106, 109–12 (Iowa 1975). "Legal malpractice consists of the failure of an attorney to use such skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the task which they undertake." *Martinson Manufacturing Co. v. Seery*, 351 N.W.2d 772, 775 (Iowa 1984). Mere errors of judgment are not grounds for negligence. *Baker v. Beal*, 225 N.W.2d at 112. "[E]veryone is presumed to have discharged his duty, whether legal or moral, until the contrary is made to appear." *Id.* at 110. Expert testimony on the reasonableness of the attorney's conduct is usually required unless "the proof is so clear and obvious that a trial court could, with propriety, rule as a matter of law whether the lawyer met applicable standards" or "the asserted shortcomings of the lawyer are so plain they may be recognized or inferred from the common knowledge or experience of laymen." *Id.* at 112.

Plaintiff premises his charge of negligence in this case on defendant's failure to serve his petition for judicial review on the DPS. Defendant argues that the law on this issue was not clear in April of 1977 and that, therefore, his failure was merely an error of judgment made in good faith.

As far as we can tell the first supreme court case addressing this particular issue is *Record v. Iowa Merit Employment Department*, 285 N.W.2d 169 (Iowa 1979). In

*Record* the petitioner had been employed by the Iowa Department of Job Service. When he was dismissed he appealed to the Iowa Merit Employment Commission which upheld the dismissal. Petitioner filed a petition for judicial review of this decision which named the commission, its director, and members as defendants. Petitioner mailed copies of his petition to defendants but did not notify Job Service in any way of the filing of his petition for judicial review. *Record,* 285 N.W.2d at 171. The supreme court held that the failure to serve Job Service deprived the district court of jurisdiction to hear the case. *Id.* at 172–73. The court noted that Iowa Code section 17A.19(2) requires that "copies of the petition [for judicial review] shall be mailed by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency." *Id.* at 172. In interpreting this language the court referred to Iowa Code sections 19A.14, 17A.2(2) and 17A.2(5).

Prior to the *Record* case some district court opinions indicated that substantial compliance with section 17A.19(2) was all that was required. In 1976 Judge Critelli overruled a special appearance in *Hart v. Iowa Employment Security Commission,* CE 5–2724 (Polk County filed April 1, 1976), in which the petition for judicial review was served on the defendant commission but was not served on the Comptroller's Office which was a party to the proceedings before the agency. The district court held:

> While this state of affairs could be construed as sufficient noncompliance [with the statute] to lend weight to a *sua sponte* subject matter jurisdictional dismissal, little justice would be served by pinning a party's right to review on procedural nuances so subtle that *even the best of practitioners could likely overlook.* The days of the rules of technical pleading were largely left with the institution of the Field Codes of Procedure—and the I.A.P.A. should not be construed so narrowly as to bring the operative effects of technical pleading back into play. (emphasis added).

Likewise, Judge Denato overruled the special appearance in the present case holding that plaintiff had substantially complied with the statute. The supreme court decision in the present case holding that the district court lacked jurisdiction was filed on the same day as the *Record* decision and relied on that case.

 Although it is unfortunate that this technical error deprived plaintiff of his right to judicial review of the agency decision, we find that the trial court could not say as a matter of law that defendant's conduct was negligent. An attorney is not required to predict future supreme court decisions which clarify the law. Nor do we find that the error was so obvious that laymen would be able to recognize it from their own knowledge and experience. Therefore, expert testimony on the reasonableness of defendant's conduct was crucial for the jury. Since the jury rendered its verdict without the benefit of this required testimony, the verdict cannot stand. The trial court's granting of a judgment n.o.v. is affirmed.

AFFIRMED.