**Louella BROWN, Appellant,**

v.

**JOHN DEERE WATERLOO TRACTOR WORKS, Appellee.**

No. 87–852.

Supreme Court of Iowa.

May 11, 1988.

Gary Papenheim, Parkersburg, for appellant.

John W. Rathert of Beecher, Beecher, Holmes & Rathert, Waterloo, for appellee.

---

1. Brown does not argue the mailing constituted a "filing" within the meaning of section 17A.19(2). In similar circumstances we rejected

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

The sole issue in this appeal is whether too much notice in a judicial review proceeding is fatal to jurisdiction. The district court held that it is. We reverse and remand.

The plaintiff, Louella Brown, appealed to the district court from a decision of the Iowa Industrial Commission in a review-reopening proceeding. Brown personally mailed a copy of the petition for judicial review to John W. Rathert, attorney for the defendant-employer, John Deere Waterloo Tractor Works. On the same day, which was a Saturday, she mailed the petition to the district court clerk for filing. The petition was actually filed the following Monday, two days later.

Deere filed a special appearance contending that Brown had failed to satisfy the jurisdictional requirements of Iowa Code section 17A.19(2) (1985) because she had not mailed the petition to its attorney within ten days *after* the petition was filed. The district court agreed and sustained the special appearance. It is from this ruling that Brown appealed.

I. Brown contends she substantially complied with the jurisdictional requirements of section 17A.19(2) by giving more notice than the statute requires. She argues Deere was not prejudiced by the premature mailing.[1]

Deere, on the other hand, asserts that section 17A.19(2) means what it says: mailing must be within ten days *after* the filing of the petition, and such mailing is jurisdictional.

Unless another statute expressly provides otherwise, the provisions of Iowa Code section 17A.19 are the "exclusive means" for seeking judicial review of administrative action. *Green v. Iowa Dep't of Job Serv.*, 299 N.W.2d 651, 654 (Iowa 1980). The procedures for seeking such

such an argument. *See, e.g., Miller v. Civil Constructors*, 373 N.W.2d 115, 117 (Iowa 1985).

review are found in section 17A.19(2), which provides in pertinent part:

Proceedings for judicial review shall be instituted by filing a petition ... in ... district court.... Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition.... Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency.

These procedures are jurisdictional. Thus, a failure to comply with them deprives the district court of appellate jurisdiction over the case. *Dawson v. Iowa Merit Employment Comm'n,* 303 N.W.2d 158, 160 (Iowa 1981) (personal service rather than mailing deprived district court of jurisdiction because mailing was only permissible method of service under the statute); *accord Neumeister v. City Dev. Bd.,* 291 N.W.2d 11, 14 (Iowa 1980); *see also Record v. Iowa Merit Employment Dep't,* 285 N.W.2d 169, 172–73 (Iowa 1979) (failure to mail copy of petition to a party in the proceeding before the agency deprived district court of jurisdiction because statute required mailing to "all parties of record").

Notwithstanding *Dawson, Neumeister,* and *Record,* we have consistently held that substantial—not literal—compliance with section 17A.19(2) is all that is necessary to invoke the jurisdiction of the district court. *See, e.g., Richards v. Iowa Dep't of Revenue,* 362 N.W.2d 486, 488–89 (Iowa 1985) (service by party, notwithstanding prohibition of such service by Iowa Rule of Civil Procedure 52, is not a jurisdictional defect under the statute); *Buchholtz v. Iowa Dep't of Pub. Instruction,* 315 N.W.2d 789, 792–93 (Iowa 1982) (service on only one of three closely related agencies substantially complied with section 17A.19(4) requirement to name as a respondent the agency whose action is challenged, even though agency served did not render decision); *Cowell v. All–American, Inc.,* 308 N.W.2d 92,

94–95 (Iowa 1981) (mailing notice to address of party's attorney substantially complied with section 17A.19(2) requirement that mailing "be addressed to the parties at their last known mailing address"); *Green v. Iowa Dep't of Job Serv.,* 299 N.W.2d 651, 654 (Iowa 1980) (petition naming employer in exhibits attached to petition rather than in caption substantially complied with Iowa Code section 96.6(8) requirement that "party to the proceeding before the appeal board shall be named in the petition"); *Frost v. S.S. Kresge Co.,* 299 N.W.2d 646, 647–48 (Iowa 1980) (petition misnaming "Industrial Commissioner" as "Industrial Commission" substantially complied with section 17A.19(4) requirement to name as a respondent the agency whose action is challenged).

According to one court,

"[s]ubstantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Smith v. State,* 364 So.2d 1, 9 (Ala.Crim. App.1978) (citation omitted); *accord Dorignac v. Louisiana State Racing Comm'n,* 436 So.2d 667, 669 (La.App.1983). We essentially adopted this definition in *Superior/Ideal, Inc. v. Board of Review,* 419 N.W.2d 405, 407 (Iowa 1988).

The fighting issue here is whether mailing notice two days before judicial review proceedings are instituted is a jurisdictional defect or is in substantial compliance with section 17A.19(2). We think Brown substantially complied with the statute. We reach this conclusion for several reasons.

First, we construe the provisions of the administrative procedure Act broadly to effectuate its purposes. *Frost,* 299 N.W.2d at 648; Iowa Code § 17A.23. One of those purposes is

to simplify the process of judicial review of agency action as well as increase its ease and availability. In accomplishing its objectives, the intention of this chapter is to strike a fair balance between these purposes and the need for efficient, economical and effective governmental administration.

*Frost*, 299 N.W.2d at 648 (quoting Iowa Code § 17A.1(2)); *see also* Bonfield, *The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process*, 60 Iowa L.Rev. 731, 758–59 (1975).

In this case Deere makes no claim of prejudice because of the premature notice. Under these circumstances, our holding that Brown's notice substantially complied with the section 17A.19(2) notice requirements serves to accomplish this laudable statutory purpose.

Second, there is a substantial difference between original actions and judicial review of administrative decisions. In acknowledging this difference we recently observed that

> [filing a petition in an original action] commence[s] the litigation process, whereas petitions for judicial review merely initiate a further proceeding, appellate in nature, in litigations previously commenced before an agency. Ordinarily the parties served with a copy of the petition for judicial review have already been engaged in adversary proceedings within the agency and know what the case is all about.

*Richards*, 362 N.W.2d at 488–89 (citation omitted).

This difference underscored our refusal to apply the substantial compliance doctrine in similar circumstances involving Iowa Code section 321.501 (1958), the process statute for nonresident motorists. *See Johnson v. Brooks*, 254 Iowa 278, 284–85, 117 N.W.2d 457, 461 (1962). Section 321.501 then, as now, required a plaintiff to file a copy of the original notice with the commissioner of public safety (now director of transportation). Within ten days thereafter, the plaintiff was required to mail the defendant a notification of the filing with the commissioner. Iowa Code § 321.501 (1958).

In *Johnson* the plaintiff mailed the commissioner a copy of the original notice on a Friday. The notice reached the commissioner's office the following Monday, at which time it was filed. The plaintiff also mailed the defendant a notification on Friday, two days before the original notice was filed in the commissioner's office.

Finding the premature notification fatal to jurisdiction, we said:

> It may well be that the legislature did not desire a notification to defendant in advance of the filing with the commissioner. Such a restriction is not unreasonable, to say the least. Used as a threat before an action was actually commenced, such a notice could cause a nonresident both anxiety and expense, a situation which the legislature may have considered as undesirable, and avoidable by the use of the language employed. At any rate we hold such a notification could scarcely comply with the requirement that the defendant be notified of the actual filing.

*Johnson*, 254 Iowa at 284, 117 N.W.2d at 461; *accord Mech v. Borowski*, 116 Wis.2d 683, 686–87, 342 N.W.2d 759, 760–61 (1983) (service of summons and complaint on defendant before action was commenced by filing was ineffective for personal jurisdiction). No similar undesirable potential exists with a premature notice in a judicial review proceeding because litigation has already taken place and a decision has been rendered.

Nor do we discern any other mischief that the legislature might have intended to prevent by a jurisdictional requirement forbidding the type of notice effected here. *See LeMars Mut. Ins. Co. v. Bonnecroy*, 304 N.W.2d 422, 424 (Iowa 1981) (ultimate goal in interpreting statute is to determine legislative intent, considering language used in statute, objects sought to be accomplished, and evils sought to be remedied; court places reasonable construction on statute that will best effectuate its purpose). Given the statutory purpose mentioned earlier, we think it is reasonable to conclude the legislature did not intend to

preclude a premature notice in the absence of any showing of prejudice.

Third, had the legislature intended to preclude a premature notice it could easily have said so. *See, e.g., Johnson,* 254 Iowa at 283–84, 117 N.W.2d at 460–61 (statutory requirement that defendant be notified that original notice of suit was duly filed); *cf. Mech,* 116 Wis.2d at 686, 342 N.W.2d at 760 (statutory requirement that original summons and complaint be filed together and a specific provision that no service shall be made until the original summons and complaint are filed). Before 1981, section 17A.19(2) required that "file stamped copies of the petition" shall be mailed. *See* Iowa Code § 17A.19(2) (1979). A possible argument could have been made that this prior language evidenced a legislative intent forbidding mailing before filing.

In 1981, however, the legislature amended section 17A.19(2) by deleting the words "file stamped." *See* 1981 Iowa Acts ch. 24, § 1. The amendment also permitted personal service in addition to mailing as an acceptable means of service. *Id.* We hypothesized in *Richards,* 362 N.W.2d at 488, "that the purpose of the amendment was to relax the statutory service requirements for persons seeking judicial review of agency decisions," a response to our decisions in *Neumeister* and *Dawson. See State v. Fluhr,* 287 N.W.2d 857, 862 (Iowa 1980) (legislature is presumed to know state of the law at time of enactment). Thus, we can reasonably infer that in deleting the words "file stamped" the legislature did not intend to forbid mailing before filing when such mailing does not result in prejudice.

Finally, we think the purpose of the ten-day notice requirement in section 17A.19(2) is more than served by our substantial compliance determination. Rather than ten, the employer here constructively received twelve days' notice.[2] The two extra days were, if anything, an advantage to Deere.

In analogous circumstances, we held that a petitioner substantially complied with the service requirements of Iowa Code section 441.38 (1985) by serving the clerk of the board of review rather than the board's chairperson or presiding officer as the statute required. What we said is relevant here:

> We believe that service of a notice of appeal on the clerk of the board of review assures compliance with the reasonable objectives of the appeal statute. What more appropriate recipient could be found to receive the notice of appeal than the person charged by statute to handle the board's paperwork.

*Superior/Ideal,* 419 N.W.2d at 407–08.

II. In summary, we hold that in the absence of any showing of prejudice, a two-day premature mailing of the petition substantially complies with the service requirements of section 17A.19(2). The district court erred in holding otherwise. Consequently, we reverse its ruling on the special appearance and remand this case to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

2. The record does not reflect when Deere actually received the mailed notice. In the absence of any allegation of prejudice, however, we assume notice was received within ten days of the petition's filing.