# IN THE COURT OF APPEALS OF IOWA

No. 18-2156
Filed March 4, 2020

JAMES W. PALENSKY and TERESA A. SCHEIB-PALENSKY, as Trustees of the PALENSKY 1998 TRUST dated February 25, 1998,
    Plaintiffs-Appellees,

vs.

STORY COUNTY BOARD OF ADJUSTMENT,
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Bethany Currie, Judge.

Appellant appeals a district court order sustaining a writ of certiorari. **WRIT SUSTAINED.**

Hugh J. Cain, Brent L. Hinders, and Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellant.

Gregory G.T. Ervanian of Ervanian & Cacciatore, L.L.P., Des Moines, for appellees.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

The Story County Board of Adjustment (Board) appeals district court orders sustaining a writ of certiorari, annulling previous proceedings before the Board, and remanding the matter to the Board. The Board argues the district court erred in finding error was preserved on the alleged illegality regarding the Board's failure to make written findings of fact and legal conclusions and that the Board failed to substantially comply with the requirement to make written findings of fact and legal conclusions.

## I.  Background Facts and Proceedings

Youth & Shelter Services, Inc. (YSS) sought to acquire a seventy-four acre property in Story County to develop a boy's youth addiction treatment facility. The proposed rural facility would house patients and staff and allow patients space to enjoy recreational activities typical to a rural space and have access to urban resources in Ames. YSS successfully applied for an amendment to add human services facilities and programs to the conditional use permit (CUP) chapter of the land development regulations. On February 3, 2017, YSS submitted a conceptual review application; the CUP application followed on February 16. The Story County Planning and Zoning Commission (Commission) set the application on the March 1, 2017 meeting agenda and issued a public notice on February 21.

The director of the planning and development department, Jerry Moore, presented the proposal and answered questions at the March 1 meeting. The president and chief executive officer of YSS, Andrew Allen, also presented and answered questions. Allen stated he visited with each neighbor of the property who would be impacted in order to answer questions. The Palenskys spoke,

individually and through counsel, in opposition to the proposal, arguing the application contained many deficiencies and was not yet ready for consideration. They also argued they had limited contact with YSS prior to the meeting, noted concerns that rural emergency response programs were insufficient, and stated that the facility was "not compatible with the surrounding area for buildings or use." Other members of the neighborhood also spoke, both in support of and opposition to the proposal. The Commission asked Moore a number of questions, including whether notice was properly provided to neighbors and whether the submitted plans were sufficiently detailed. Regarding the notice issue, Moore indicated notices complied with the applicable state law. Moore also stated the information provided in amended and updated documentation was "more than adequate to move forward." The Commission ultimately approved the CUP application with conditions relating to dust control, lighting, and an existing flood plain, and provided a staff report.

The Commission issued a public notice on March 3 that the YSS proposal was added to the March 15 Board agenda. Both Moore and Allen presented to the Board, which included updates based on discussion and public comments at the March 1 meeting. The Board discussed the future of the proposal and how the process would progress. Moore described that further, more developed plans must be submitted for zoning permits and other review processes. The Board also approved the application with the conditions from the Commission.

On April 12, the Palenskys filed a petition for a writ of certiorari.[1] The petitions lodged a number of complaints regarding the Board's approval of the application, including failure to conform to Story County ordinances in several ways, failure to address concerns raised by letter from the City of Ames, and that the process beginning with the amended application was rushed. The petitions also proposed a number of additional conditions.

The Board filed a motion to dismiss on May 25. The Board argued the petition failed to allege there was a lack of substantial evidence for the fact findings and the decision violated a statute. The Board also argued the Story County ordinances gave it discretion to make decisions, which are policy decisions that are ultimately non-justiciable political questions. The Board finally argued the petition showed mere disagreement with the decision and the Palenskys were asking the court to substitute its own judgment in place of the Board's decision. Following a hearing in September, the court denied the motion to dismiss. The court disagreed with the argument that the challenge raised a non-justiciable political question. The court also found the petition "allege[d] facts which, if proven, would justify finding the Board acted illegally."

The Palenskys moved for issuance of a writ of certiorari on March 29, 2018, and a writ was issued without resistance on April 10. Trial was set for July 19. The Board filed a trial brief on July 16, addressing all of the arguments presented in the petition for writ of certiorari and arguing the initial petition was untimely. The Palenskys filed a trial brief on July 18, after 5:00 pm. This brief made several

---

[1] They filed an amended petition on April 17. The Board does not challenge the timeliness of the filing of the petition.

arguments, and for the first time argued the Board failed to prepare or provide fact findings from the CUP application or hearing. The court ultimately sustained the petition for writ of certiorari, annulled prior Board proceedings, and remanded the matter back to the Board to produce written findings of fact.

The Board filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), asking the court to reconsider its decision based on the alleged failure of the Palanskys to preserve error for the argument that the Board failed to provide written fact findings and urging there had been substantial compliance. The Palenskys filed a resistance arguing they timely raised the written-fact-findings argument and the Board failed to substantially comply with the requirement to provide written fact findings. The court granted the motion in part to expand its discussion of timeliness and ultimately found the argument was timely raised. The Board appeals.

## II.    Standard of Review

Certiorari proceedings are reviewed for correction of errors at law. *Burroughs v. City of Davenport Zoning Bd. Of Adjustment*, 912 N.W.2d 473, 478 (Iowa 2018). Factual determinations are reviewed for substantial evidence and legal questions are reviewed de novo. *Bontrager Auto Serv., Inc. v. Iowa City Bd. Of Adjustment*, 748 N.W.2d 483, 494–95 (Iowa 2008). "Evidence is substantial 'when a reasonable mind could accept it as adequate to reach the same findings.'" *Id.* at 495 (quoting *City of Cedar Rapids v. Mun. Fire & Police Ret. Sys.*, 526 N.W.2d 284, 287 (Iowa 1995)).

### III. Analysis

The Board argues it substantially complied with the requirement to provide written fact findings and the Palenskys failed to preserve error on the challenge to the Board's substantial compliance. The Palenskys argue the Board failed to substantially comply with the requirement to make written findings of fact and that their arguments were timely raised.

A petition for writ of certiorari is the proper method to challenge a decision by a board of adjustment alleged to be illegal. Iowa Code § 414.15 (2017). A petitioner has thirty days from the date a board decision is filed, or from the date a party has actual knowledge or is chargeable with knowledge of a board decision to petition for writ of certiorari. *Id.*; *Arkae Dev., Inc. v. Zoning Bd. of Adjustment*, 312 N.W.2d 574, 577 (Iowa 1981). Here, the Palenskys' counsel was present at the March 15 Board meeting when the Board voted to approve the application, making them chargeable with knowledge of the decision on that date. *See Arkae*, 312 N.W.2d at 577. The Palenskys filed the original petition for writ of certiorari on April 12, within the thirty-day limit. *See* Iowa Code § 414.15. The Board argues the Palenskys first raised the issue of no written fact findings in its trial brief at the district court on the eve of trial, and that it was insufficient to preserve the issue for appellate review. While we recognize it was raised late in the proceedings, the district court ruled on the issue and the Board has had ample opportunity to respond. Accordingly, we proceed to the merits.

The Iowa Supreme Court adopted the rule requiring boards of adjustment to make "written findings of fact on all issues presented in any adjudicatory proceeding" in 1979. *Citizens Against Lewis & Clark (Mowery) Landfill v.*

*Pottawattamie Cty. Bd. of Adjustment*, 277 N.W.2d 921, 925 (Iowa 1979). Story County has codified that rule in an ordinance:

> 1. In considering whether to approve an application for a conditional use permit, the Board of Adjustment shall proceed according to the following format:
>> A. The Board of Adjustment shall establish a finding of facts based upon information contained in the application, the staff report, and the commission recommendation and present[ation] at the Commission or Board of Adjustment hearings.

Story County, Iowa, Ordinance 90.06(1)(A) (2017). Our supreme court has accepted substantial compliance with the court-made rule and with a city ordinance which codified that rule. *Bontrager*, 748 N.W.2d at 488. In examining whether a board has substantially complied, a court must ask whether a "statute or rule 'has been followed sufficiently so as to carry out the intent for which it was adopted.'" *Id.* (quoting *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988)).

In order to determine whether the Board substantially complied with the requirement to make findings of fact, we must consider the purpose of the requirement. *Id.* Our supreme court has stated the judicially adopted fact-finding requirement serves purposes including "facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction." *Id.* (quoting *Citizens*, 277 N.W.2d at 925). The ultimate goal is to create a record "sufficient to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the board acted." *Id.* (quoting *Citizens*, 277 N.W.2d at 925).

In *Bontrager*, our supreme court examined whether a board substantially complied with a similar ordinance requiring written findings of fact, specifically regarding a property-value issue. *Id.* at 487–90. The record included a written decision including fact findings, conclusions of law, a disposition, and meeting and voting records. *Id.* at 489. The record showed property value was addressed in the application and was discussed by both board members and community speakers at the meeting. *Id.* The supreme court found the board substantially complied with the requirement to provide findings of fact and did consider the property-value issue even though there was no explicit reference to it in the written decision. *Id.* at 489–90.

Our supreme court has also found official meeting minutes may qualify as a final board decision for the purposes of filing a petition for writ of certiorari. *Borroughs v. City of Davenport Bd. of Adjustment*, 912 N.W.2d 473, 485 (Iowa 2018). Petitions for writ of certiorari must be filed "within thirty days after the filing of the decision in the office of the board." Iowa Code § 414.15. In order for a decision to be filed, a document must be filed in the office of the board, either in paper or electronic form. *Borroughs*, 912 N.W.2d at 483. A public website used "as a repository for official documents" satisfies as the office of the board. *Id.* at 484. Meeting minutes posted to an official website do not satisfy the requirements of Iowa Code section 414.45 while a board still has discretion to modify those minutes. *Id.* at 485.

Our review of the record in the case at bar reveals that there was no written decision filed by the Board. Although the record does contain meeting minutes from the March 1 and March 15 meetings, there is nothing to indicate those

meeting minutes were approved or posted publicly to satisfy the official filing standard of *Burroughs. Id.* Thus, we ask whether the Board substantially complied with the requirement to render a decision with fact findings sufficient to satisfy the ordinance. In examining the purpose of the ordinance, we find the purposes listed by our supreme court in *Bontrager* are applicable. *See* 748 N.W.2d at 488. Has the Board, in this case, provided a record "sufficient to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles" guiding the decision to grant the CUP? *Id.* (quoting *Citizens*, 277 N.W.2d at 925). We reviewed the documents related to the conceptual review by the Commission, minutes of the Commission meeting, Commission staff report recommending approval of the CUP, Board meeting transcript and minutes, Board staff report recommending approval of the CUP, relevant county ordinances, and other documents related to the application. Although we were able to see the Board's questions regarding topics including, but not limited to, elopements, placement of proposed buildings on the property, and the conditions recommended by the Commission, we are unable to determine the factual basis and legal principles underlying the Board's decision to grant the CUP.

## IV. Conclusion

Because the Board failed to make any written fact findings required by the county ordinance, there is no basis upon which to find substantial compliance. We sustain the writ of certiorari.

**WRIT SUSTAINED.**