# IN THE COURT OF APPEALS OF IOWA

No. 22-1955
Filed January 10, 2024

**MATTHEW R. DICKEY,**
      Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


      Matthew Dickey appeals the district court's dismissal of his petition for judicial review.  **AFFIRMED.**


      Matthew R. Dickey, Des Moines, self-represented appellant.

      Brenna Bird, Attorney General, and Erin E. Mayfield, Assistant Attorney General, for appellee.


      Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

Following agency proceedings, the Iowa Department of Health and Human Services (department) confirmed a finding of child abuse against Matthew Dickey. On June 13, 2022, Dickey filed a petition for judicial review challenging the department's finding. He simultaneously filed an application and affidavit seeking to defer payment of costs due to indigency. In the application, Dickey asserted he was "unable to pay the filing fee or service costs or other court costs" and sought to proceed without prepayment of costs and fees.

On July 7, the district court granted the application. The court's order authorized Dickey to file his (already filed) petition without prepayment of the filing fee. On the same date, the court filed a second order recognizing that Dickey had already filed the petition for judicial review but noting that no proof of service had been filed. The order identified the ten-day service requirement of Iowa Code section 17A.19(2) (2023) and gave Dickey thirty days to file proof that he complied with the statutory service requirements.

On August 2, Dickey filed a return of service showing that he served the department on August 1. In response to being served with notice, the department moved to dismiss Dickey's petition. The department argued that, because Dickey had not served the department within ten days of filing his petition as required by section 17A.19(2), the court did not have jurisdiction over the case. The district court agreed and dismissed the petition. Dickey appeals, arguing he substantially complied with the requirements of section 17A.19(2).

We review the granting of a motion to dismiss and the interpretation of a statute for correction of errors at law. *Askvig v. Snap-On Logistics Co.*, 967 N.W.2d

558, 560 (Iowa 2021); *Ackelson v. Manley Toy Direct, L.L.C.*, 832 N.W.2d 678, 680 (Iowa 2013).

The statute at issue here is Iowa Code section 17A.19(2), which, in relevant part, states:

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa [R]ules of [C]ivil [P]rocedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition . . . . Such personal service or mailing shall be jurisdictional.

The procedures spelled out in section 17A.19(2) are jurisdictional, which means "failure to comply with them deprives the district court of appellate jurisdiction over the case." *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988).

Under a strict reading of the statute, Dickey failed to comply with the statute's ten-day deadline because he served the department forty-nine days after filing his petition. But we only require substantial, rather than strict, compliance with section 17A.19(2). *Logan v. Bon Ton Stores, Inc.*, 943 N.W.2d 7, 10 (Iowa 2020). A party substantially complies with a statute if it complies with the "essential matters necessary to assure the reasonable objectives of the statute." *Sims v. NCI Holding Corp.*, 759 N.W.2d 333, 338 (Iowa 2009) (quoting *Superior/Ideal, Inc. v. Bd. of Rev.*, 419 N.W.2d 405, 407 (Iowa 1988)). The purpose of section 17A.19(2) is "to simplify the process of judicial review of agency action as well as increase its ease and availability" while balancing "the need for efficient, economical and effective governmental administration." *Brown*, 423 N.W.2d at 194 (quoting *Frost v. S.S. Kresge Co.*, 299 N.W.2d 646, 648 (Iowa 1980)). The goal is an accessible,

efficient, and effective process. *Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 654 (Iowa 2019).

Generally, we find substantial compliance when there has been some effort to timely serve the respondent and the respondent has not been prejudiced by the plaintiff's failure to comply with the statute. *See, e.g.*, *Logan*, 943 N.W.2d at 12 (finding substantial compliance when plaintiff faxed, rather than mailed, notice, which respondent timely received); *Ortiz*, 928 N.W.2d at 654 (finding substantial compliance when plaintiff emailed rather than mailed the petition to opposing counsel and counsel received the petition); *Monson v. Iowa Civ. Rts. Comm'n*, 467 N.W.2d 230, 232 (Iowa 1991) (finding substantial compliance when respondent received notice several days late as a result of mistake by sheriff, not plaintiff, and respondent was not prejudiced by the delay); *Brown*, 423 N.W.2d at 196 (finding substantial compliance when plaintiff mailed notice two days before filing the petition, which caused respondent no prejudice); *Buchholtz v. Iowa Dep't of Pub. Instruction*, 315 N.W.2d 789, 792–93 (Iowa 1982) (finding substantial compliance when plaintiff mailed notice to wrong party, but respondent still received notice); *Frost*, 299 N.W.2d at 648 (finding substantial compliance when plaintiff misnamed respondent, but respondent still received notice). But Dickey made no attempt to serve the department on time. *See Bruss v. Grout Scouts, Inc.*, No. 19-0943, 2020 WL 1888766, at *2 (Iowa Ct. App. Apr. 15, 2020) (rejecting claim of substantial compliance when petitioner confirmed respondent would accept service of notice but notice was not timely sent); *Van Baale v. Emp. Appeal Bd.*, No. 06-0657, 2007 WL 252774, at *2 (Iowa Ct. App. Jan. 31, 2007) (rejecting claim of substantial compliance when petitioner mailed notice one day late and did not attempt service

during the ten-day period). Despite not attempting to serve the department, Dickey argues that he substantially complied because his lack of funds required him to wait until after his application to defer costs had been granted before he could serve the department. He also suggests that his application to defer costs was an attempt at complying with the statute.

We are not persuaded by Dickey's argument that applying to defer costs is an attempt to serve the department. Nothing about the effort to receive permission to defer costs is effort to give the required notice to the department. We also note that simply having a reason—even perhaps a good reason—for not attempting to serve the department is not sufficient because neither the statute nor our substantial-compliance case law allow for untimely service just because the petitioner has a good reason for waiting. *See Van Baale*, 2007 WL 252774, at *2 ("We have found no cases which excuse untimely service under section 17A.19(2) based on good cause or extenuating circumstances."). Moreover, Dickey's timing problems are of his own making. Rather than filing his petition after receiving a ruling on his application to defer costs, he filed the petition with the application. This may have been because he waited to file both until the deadline for filing his petition was near and he could not afford to wait.[1] *See* Iowa Code § 17A.19(3).

---

[1] Under section 17A.19(3) Dickey had thirty days from the date the department issued a final ruling to file his petition. The agency issued its final ruling on May 5, 2022. Dickey filed his petition on June 4 (just within the thirty-day deadline), but the clerk rejected the filing. After fixing the errors causing the rejection, he successfully filed again on June 13, after the thirty-day period had expired. This presented the district court with the question of whether the June 13 filing related back to the June 4 filing under *Toney v. Parker*, 958 N.W.2d 202, 204 (Iowa 2021), but by finding that Dickey did not substantially comply with section 17A.19(2), the district court did not reach the issue; and it is not before us now.

But filing the petition without the order deferring costs in hand was a gamble because it started the clock on the ten-day period for serving the department. *See* Iowa Code § 17A.19(2). He lost that gamble when the district court did not rule on his application until after the period had expired. Dickey suggests the district court's second order extended his deadline for serving the department. But that order only gave him time to submit proof of service, not to effectuate service.

We reject Dickey's argument that he had no way to attempt service prior to receiving the order deferring costs. Dickey had the option of service by mail if he could not afford to pay the sheriff or a professional process server. *See* Iowa Code § 17A.19(2) (permitting service by mail). Even if mailing was prohibitively expensive—a dubious claim given Dickey's admission that he never considered this option—nothing in our service rules require service to be effectuated by a sheriff or other process server that would charge fees. *See* Iowa R. Civ. P. 1.308(1) (permitting proof of service by any person by affidavit). Dickey could have used a friend or acquaintance to serve the petition, with proof by affidavit. *See id.*

Finally, while we find Dickey's failure to try to effectuate service within the ten-day period dispositive, our conclusion is bolstered by the fact that Dickey did not even try to serve the department promptly once his application to defer costs was granted. The record establishes that Dickey did not get the petition to the sheriff for service until three weeks after his application was granted. So, even if we assumed for the sake of discussion that the ten-day period did not begin until the deferment order was issued, Dickey still failed to make any attempt to serve the petition within that ten-day period.

We find no error in the district court's decision to dismiss Dickey's petition for judicial review.

**AFFIRMED.**