Donald W. COWELL, Appellee,

v.

ALL–AMERICAN, INC., Appellant,

Iowa Workers' Compensation Service and/or Iowa Industrial Commissioner, Appellee.

No. 65629.

Supreme Court of Iowa.

July 15, 1981.

Richard G. Book and Dorothy Kelley of Jones, Hoffmann & Davison, Des Moines, for appellant.

Robert W. Pratt of Hedberg, Brick, Tan, Pratt & Ward, Des Moines, for appellee.

Thomas J. Miller, Atty. Gen., and Thomas A. Evans, Jr., Asst. Atty. Gen., for Iowa Industrial Commissioner.

William S. Garretson, Des Moines, amicus curiae, pro se.

David S. Wiggins of Williams & LeMarca, Des Moines, for amicus curiae Ass'n of Trial Lawyers of Iowa.

Considered by LeGRAND, P. J., and UH-LENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

McCORMICK, Justice.

This appeal involves a jurisdictional question and a challenge to a district court holding that petitioner had an industrial disability of twenty percent of the body as the result of a compensable injury. The industrial commissioner had determined the disability at five percent. The district court reversed the commissioner and modified the award upon judicial review. We find that the district court had jurisdiction but erred in reversing the commissioner's decision. Therefore we reverse the district court.

Petitioner Donald W. Cowell was employed by respondent All-American, Inc., as a dock supervisor, commencing April 15, 1975. In January 1974, while working for a previous employer, he was treated for a back condition which was diagnosed as a herniated disc. He did not claim workers' compensation on that occasion. On February 23, 1977, he fell on his back at work and again received care for a herniated disc. On that occasion he received workers' compensation benefits for temporary disability.

In July 1977, petitioner was hospitalized for treatment of his back. During his hospitalization, he suddenly developed a perforated duodenal ulcer. The ulcer was repaired through surgery, and it is not involved in the present claim.

Petitioner was subsequently released from the hospital and returned to work in October 1977. He continued his work until January 1978 when he was terminated for alleged poor job performance.

Later he brought the present review-reopening proceeding, seeking additional benefits for the February 1977 injury. After hearing, a deputy industrial commissioner found that petitioner suffered an industrial disability of twenty percent of the body as

a whole as a proximate result of that injury. The employer was ordered to pay one hundred weeks' benefits, medical expense and statutory mileage expenses.

The employer appealed to the industrial commissioner. Based on his de novo review of the record, the commissioner found that the percentage of industrial disability was five percent rather than twenty percent. He otherwise affirmed the deputy. As a result of this decision, the employer was ordered to pay twenty-five weeks of benefits.

Petitioner then filed his petition for judicial review. Among other grounds, petitioner alleged the commissioner's decision was not supported by substantial evidence when the record was viewed as a whole, was arbitrary and capricious, and was affected by error of law. The district court found that as a matter of law the evidence showed a functional disability of at least five percent. Considering the factors affecting industrial disability, the court then found that petitioner's industrial disability was, as a matter of law, greater than five percent. The court concluded that the commissioner's finding of five percent industrial disability was "unreasonable and in error as a matter of law." The court also reasoned that "inasmuch as the record as a whole supports the conclusion reached by the Deputy Commissioner and a finding that his decision did consider those factors necessary and appropriate, [his] Ruling . . . should be reinstated." Consequently the court reversed the commissioner and reinstated the deputy's decision. The employer appealed.

I. *The jurisdictional issue.* Within ten days of filing his petition for judicial review, petitioner mailed copies of the petition to the industrial commissioner and to the employer's attorney. The employer contends this procedure violated section 17A.19(2), The Code, and was thus not sufficient to give the district court jurisdiction of the petition.

In relevant part, section 17A.19(2) provides:

Within ten days after the filing of a petition for judicial review file stamped copies of the petition shall be mailed by the petitioner to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such mailing shall be jurisdictional and shall be addressed to the parties at their last known mailing address.

No prejudice is asserted in this case. The issue is simply whether mailing the petition to the attorney's address rather than the employer's address was fatal to jurisdiction.

 We have rejected a standard of strict or literal compliance with section 17A.19(2). See *Green v. Iowa Department of Job Service*, 299 N.W.2d 651, 654 (Iowa 1980); *Frost v. S. S. Kresge Co.*, 299 N.W.2d 646, 647–48 (Iowa 1980). Nevertheless, substantial compliance with statutory prerequisites is essential for the district court to acquire jurisdiction. See *Economy Forms Corp. v. Potts*, 259 N.W.2d 787, 788 (Iowa 1977). A substantial deviation from statutory requirements will defeat jurisdiction. For example, the copy of the petition must be mailed; other methods of delivery are unacceptable. *Neumeister v. City Development Board*, 291 N.W.2d 11, 14 (Iowa 1980). Moreover, no party of record before the agency may be omitted from the mailing. *Record v. Iowa Merit Employment Department*, 285 N.W.2d 169, 173 (Iowa 1979). Some of the problems which have arisen under the statute, including the present one, are addressed in H.F. 503, 1981 Session 69th G.A., an enactment which will affect petitions for judicial review filed on or after July 1, 1981. The present problem, however, must be decided under the statute in its unamended form.

No dispute exists that copies of the petition were mailed in this case. Nor is there any doubt that the copy which was mailed to the employer's attorney was intended to and did reach the employer. The question is whether the mailing was to the employer's "last known address" within the meaning of the statute.

We believe this question is answered by the reasoning of the court in *Delman v. Commissioner*, 384 F.2d 929 (3d Cir.), *cert. denied*, 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1967). In that case the Internal Revenue Service mailed a notice of tax deficiency to the taxpayers at their accountant's address even though the agency had the taxpayers' residence address. The statute authorized service of the notice by mailing to a taxpayer's "last known address." Compliance with the statute was essential for the Tax Court to acquire jurisdiction of the case. In finding compliance, the court reasoned that the purpose of the procedure was to give the taxpayer notice concerning the tax deficiency. The court believed Congress must have intended "last known address" to mean an address where the Internal Revenue Service reasonably believed the taxpayer wished notice to be sent. Because the Service had previously communicated with the taxpayers at the address of their accountant, the court held it "could reasonably have concluded that the taxpayer wished the communication sent there." *Id.* at 932.

■ In the present case, the employer appeared through its attorney at all times in the review-reopening proceeding. All filings required to be served on the employer were served on its attorney. Nothing occurred during the course of the proceeding to show the employer either desired or expected any communications to be sent to its South Dakota headquarters or Des Moines office. All communications were through counsel. In these circumstances, petitioner could reasonably conclude that the employer wished all communications in the proceeding to be sent to its attorney's address. *Cf. Stevens v. Peoples Savings Bank*, 185 Iowa 619, 624, 171 N.W. 130, 132 (1919) (noting closeness of relationship of attorney and client in litigation for notice purposes). The attorney's address was thus suitable as the last known address of the employer.

This does not mean use of one of the two business addresses of the employer would not also have been acceptable. More than one suitable address may exist. *See Delman*, 384 F.2d at 932. It is sufficient that, at the time of mailing the petition copy, petitioner's selection of the attorney's address as the employer's last known address was not unreasonable. We thus hold that the mailing substantially complied with section 17A.19(2).

Therefore the district court had jurisdiction of the petition for judicial review.

■ II. *The merits of commissioner's decision.* The district court said that petitioner's industrial disability was necessarily greater than the minimum five percent functional disability which the court found he had as a matter of law. The court disregarded the issue of proximate causation. The physician who determined petitioner's functional disability at five percent said this disability predated the February 1977 injury. He described the injury as a re-irritation of the same nerve roots which were irritated by the herniated disc in 1974. In rating petitioner's permanent partial functional disability from the herniated disc, he said: "This patient hasn't shown any change in the objective findings for disability as compared to 1974, and I feel it would be five percent of the body as a whole, in light of that ankle jerk that continues to be present." He also gave the following testimony:

Q. Okay. Doctor, the disability that he has today, could you causally relate that to . . . his fall of February 24, 1977? A. You are asking me if the problems he has today are related to the February '77 injury?

Q. Yes. A. No.

Q. Why is that? A. Because he had a problem in January of 1974 of that disability.

Q. Okay. I thought you told us that when you saw him on March 18, 1977, it was a re-irritation of the nerve root endings. A. Right.

. . . . .

Q. Are you telling me that all of the symptoms that he had as a result of the fall have now disappeared? A. Yes.

The trier of fact could reasonably conclude from this testimony that petitioner had less than five percent or no functional disability based on the February 1977 injury. The district court erred in holding as a matter of law that it was at least five percent.

Furthermore, the industrial commissioner was not compelled as a matter of law to find a causal connection between the 1977 injury and petitioner's loss of employment in 1978. The employer offered substantial evidence that petitioner's discharge was unrelated to his injury. Petitioner testified his work as dock supervisor did not require physical exertion "except if [there] was a door to be opened." After his discharge he submitted applications for similar employment and, if he could find a comparable job, testified he would accept it. This case is thus distinguishable from *Blacksmith v. All-American, Inc.*, 290 N.W.2d 348, 354 (Iowa 1980), where the evidence showed the employee suffered an increase in industrial disability as a matter of law.

The commissioner correctly recited the principles governing a determination of industrial disability, citing *Olson v. Goodyear Service Stores*, 255 Iowa 1112, 125 N.W.2d 251 (1963), *Barton v. Nevada Poultry Co.*, 253 Iowa 285, 110 N.W.2d 660 (1961), and *Martin v. Skelly Oil Co.*, 252 Iowa 128, 106 N.W.2d 95 (1960). He then recited the evidence on the relevant factors, after which he found petitioner had a five percent industrial disability as a result of the February 1977 injury.

The court had no basis for finding that the commissioner's decision was unsupported by substantial evidence, arbitrary and capricious, or induced by an error of law. Therefore the court erred in reversing the commissioner's decision. Because we reverse the district court on this ground, we do not reach the question concerning the court's determination of the extent of industrial disability.

REVERSED.