**Daryl BUCHHOLTZ, Appellant,**

v.

**IOWA DEPARTMENT OF PUBLIC INSTRUCTION, Rockwell-Swaledale Community School District, Northern Trails Area Education Agency, Appellees.**

No. 65829.

Supreme Court of Iowa.

Feb. 17, 1982.

John G. Sorenson of Boyle, Schuler, Stanton, Grabinski & Sorensen, Clear Lake, for appellant.

Thomas J. Miller, Atty. Gen., and Howard O. Hagen, Asst. Atty. Gen., for appellee Iowa Dept. of Public Instruction.

Gilbert K. Bovard of Laird, Burlington, Bovard, Heiny, McManigal & Walters, Mason City, for appellees Rockwell-Swaledale Community School Dist. and Northern Trails Area Ed. Agency.

Considered by UHLENHOPP, P. J., and McCORMICK, ALLBEE, LARSON, and SCHULTZ, JJ.

McCORMICK, Justice.

Petitioner Daryl Buchholtz challenges a district court decision on judicial review affirming a decision of the state board of public instruction concerning the special education placement of his son Michael. The appeal involves questions of district court jurisdiction and the merits of the agency decision. We find that the district court had jurisdiction and did not err in affirming the agency. Therefore we affirm the district court.

The jurisdictional issue was raised by motion to dismiss filed during the pendency of this appeal by respondent Iowa Department of Public Instruction. The department alleged that the district court did not acquire

jurisdiction of the petition for further review because neither the state board of public instruction nor superintendent of public instruction was named as respondent or mailed a copy of the petition. We ordered the motion submitted with the appeal.

On the merits of the appeal, petitioner alleges the agency applied the wrong standard in determining what constitutes an appropriate educational program for a child with a learning disability and made a decision which is unsupported by substantial evidence and is unreasonable, arbitrary or capricious. Because petitioner believes the program of a neighboring school district does meet the requisite standard, he seeks an order requiring his home district to pay tuition for Michael's attendance in the neighboring district or an order changing district boundaries to put his home in that district.

Petitioner and his family reside on a farm in defendant Rockwell-Swaledale School District. The farm borders the Meservey-Thornton Community School District. Both districts are served by defendant Northern Trails Area Education Agency (AEA). The family moved to Minnesota in 1974 and back to the Rockwell-Swaledale District in 1975. Michael attended first, second and third grade in that district during the 1975–76, 1976–77, and 1977–78 school years.

Michael experienced learning difficulties and was placed in a remedial reading program in September 1976, with the permission of his parents. When the problem worsened, he was tested by the AEA in January and February 1978. Michael was diagnosed as having a learning disability affecting his reading and perception skills despite average or above average intelligence. Upon recommendation of the AEA learning disability consultant, and with the consent of his parents, Michael was placed in a resource room for learning disabled children in March 1978. He stayed there for the last ten weeks of the school year.

At the time Michael was placed in the resource room, the school and AEA staff recommended that he be retained in third grade and attend the resource room during the following school year. School officials advised his parents they did not believe Michael needed tutoring during the summer.

The parents wished to have Michael tutored to see if he could make sufficient progress to be placed in fourth grade in the fall. They eventually arranged for tutoring by a learning disability teacher in the Meservey-Thornton district. When Michael made progress during summer tutoring, petitioner commenced his efforts to have the Rockwell-Swaledale district boundaries changed or, alternatively, to have the district pay Michael's tuition in the neighboring district. The parents enrolled Michael as a tuition student in the fourth grade of the Meservey-Thornton school in the fall. Throughout the subsequent proceedings, Michael has attended the Meservey-Thornton school, has advanced with his class, and has continued to do well.

After the Rockwell-Swaledale school board denied petitioner's alternative requests, he pursued an appeal to the state board of public instruction under section 290.2, The Code. After hearing, the board affirmed the district's decision. Petitioner subsequently obtained judicial review. He now challenges the district court's adverse decision in that action.

■ I. *The jurisdictional issue.* In moving to dismiss the appeal, the department contends the district court did not acquire jurisdiction of the petition for judicial review because of petitioner's failure to comply with the jurisdictional prerequisites in section 17A.19(2), The Code 1977. This case is unaffected by the 1981 amendment of that provision. *See* 1981 Session, 69th G.A., ch. 24. The petitioner is required to name the agency whose action is challenged as a respondent. § 17A.19(4). At the time material here, petitioner was required to mail copies of his petition to all parties within ten days after its filing. § 17A.19(2), The Code 1977. A failure of substantial compliance with this requirement precludes the district court from acquiring jurisdiction of the case. *Cowell v.*

*All-American, Inc.*, 308 N.W.2d 92, 94 (Iowa 1981).

The department asserts the agency decision was made by the Iowa State Board of Public Instruction and the State Superintendent of Public Instruction. Petitioner did not name either the board or superintendent as respondents, nor did he mail them copies of the petition. Instead he designated the Iowa Department of Public Instruction as respondent and mailed it a copy of the petition. The board, superintendent, and department are each agencies within the meaning of the IAPA. *See* § 17A.2. Moreover, they are each charged with separate and distinct statutory duties. *See* § 257.10 (board); § 257.16 (superintendent); § 257.19 (department). At the same time they are closely related. The board is a policy making body. *See* § 257.-10. The superintendent is the executive officer of the board, charged with carrying out board policy. *See* §§ 257.16–.18. The department assists the superintendent in his administrative, supervisory and consultive functions. *See* § 257.18.

The present case illustrates the virtual merger of identity which occurs when the three entities perform related duties. A person aggrieved by the decision of a local school board has a right of appeal to the state board. § 290.1. The state board may delegate the hearing of the appeal to the state superintendent and two state department staff members designated by him. § 290.5. Accordingly, the present appeal was heard by the superintendent and two department staff members. Their decision was adopted by the board. Thus, although the decision was that of the board, the superintendent and department personnel had a role in it. Perhaps this is why the department contends the decision was that of the superintendent as well as that of the board. We find, however, that the decision was that of the board alone for purposes of section 17A.19(2). *See* § 290.5.

A number of circumstances show all parties treated references to the department as equivalent to references to the board throughout the administrative proceeding.

Petitioner's administrative appeal was made to the department and received by the department. The panel captioned the hearing "Before the State Department of Instruction Hearing Panel." The board's decision was captioned "Iowa Department of Public Instruction." The record also shows that board decisions are filed as department of public instruction appellate decisions. Even though the board and department are distinct and separate statutory agencies, their names were used interchangeably. The board, department and parties freely used the term "department" when they should have used the term "board."

It is therefore not surprising that petitioner designated the department as the respondent agency in his petition for further review. It is undisputed that the board received timely mailed notice of the petition and suffered no prejudice from the mistaken designation. In fact, the board decision was referred to as a department decision by all the parties, including the agency's attorney, in district court proceedings. The motion to dismiss was made only after petitioner took his appeal to this court.

We have previously found substantial compliance with section 17A.19(2) despite failure to designate the agency respondent in the petition for judicial review. In *Frost v. S. S. Kresge Company*, 299 N.W.2d 646 (Iowa 1980), an agency was misnamed in a petition for judicial review as the Industrial Commission instead of the Industrial Commissioner. Because the record showed the commissioner actually received notice of the proceeding and no prejudice occurred, the court found sufficient compliance with section 17A.19(2). In *Green v. Iowa Department of Job Service*, 299 N.W.2d 651 (Iowa 1980), a failure to designate a party as a respondent in the petition was insufficient to defeat jurisdiction when the party was identified in attached exhibits and received timely mailed notice.

Similarly, we find that the board received timely mailed notice in the present case despite the mistaken designation of the

agency. No one was misled, and no prejudice occurred. In a case that is procedurally similar, no question was even raised about the designation of the department as respondent. *See Southeast Warren Community School District v. Department of Public Instruction,* 285 N.W.2d 173 (Iowa 1979). We note, however, that the board should be designated as the respondent agency in such cases.

In view of the close relationship of the agencies, the fact the names of the board and department were used interchangeably in the present case, and the fact timely notice of the petition for further review was received by the board, we find petitioner substantially complied with section 17A.19(2). The department's motion to dismiss is overruled.

■ II. *The appropriate education standard.* In evaluating the Rockwell-Swaledale program for Michael, the board said: "[I]t is quite clear that the Iowa law does not require the 'best' program or the 'maximum' program, but instead, requires the provision of a program 'appropriate' for a student's educational needs." Petitioner contends this standard is erroneous. He alleges that state law requires that children with learning disabilities be provided the "best" or "maximum" program attainable. The district court held that the board applied the right standard, and we agree.

Education of children requiring special education is addressed in chapter 281 of the Code. In section 281.2, the legislature declared a state policy "to provide and to require school districts to make provisions, as an integral part of public education, for special education opportunities sufficient to meet the needs and maximize the capabilities of children requiring special education." The governing standard is also delineated in section 281.2: "Every child requiring special education shall, if reasonably possible, receive a level of education commensurate with the level provided each child who does not receive special education." Local school boards are required by section 280.8 to make adequate provision for special education programs "appropriate to the nature

and severity of the child's handicapping condition."

The statutes are intended to make state and local special education programs eligible for federal funding under the Education for All Handicapped Children Act of 1975. To be eligible a state must have "a policy that assures all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1). The state is given leeway to establish the appropriate education standard. 20 U.S.C. 1401(18).

The Iowa standard does not require the "best" or "maximum" program in the sense of an unlimited commitment of resources and effort to meet the needs of each handicapped child. One constraint is the limit of funds available. § 281.8. Another constraint is the reasonableness requirement in section 281.2. These constraints are consistent with the intent and purposes of the federal statute. *See Springdale School District # 50 v. Grace,* 656 F.2d 300, 304 (8th Cir. 1981); *Battle v. Pennsylvania,* 629 F.2d 269, 276–81 (3rd Cir. 1980).

■ The standard in section 281.2 establishes a goal of equality of education for handicapped and nonhandicapped children. It requires a parity of educational opportunity between these groups. The district must strive to meet the needs of special education students with the same level of effort which is devoted to meeting the needs of nonhandicapped students. *See Rowley v. Board of Education,* 483 F.Supp. 528, 534–35 (S.D.N.Y.), *aff'd,* 632 F.2d 945 (1980). Whether equality of education is actually realized depends on the nature of the handicap, availability of resources, and what effort is reasonable in the context of the individual case.

The board did not err in refusing to find that only the best possible program is an appropriate special education program.

■ III. *The board's findings of fact.* Petitioner contends the board's finding that the Rockwell-Swaledale program met the statutory standard is unsupported by substantial evidence when the record is viewed as a whole and was unreasonable, arbitrary

and capricious. *See* §§ 17A.19(8)(f) and (g). The district court rejected this contention, and we believe the court was correct.

A reasonable person could conclude from the whole record that no material difference exists between the special education programs available in the two school districts. Each has essentially the same resources, qualified teachers, and procedures for meeting the unique needs of each handicapped child. Each is supported by services of the same area agency.

The Rockwell-Swaledale district formulated and followed an individualized educational plan for Michael as required by 670 I.A.C. § 12.21(2). Michael's subsequent experience with tutoring arguably demonstrates that this plan was flawed. Petitioner asserts the subsequent experience proves the Rockwell-Swaledale program was not appropriate under the statutory standard. The board found, however, that Michael's ten weeks in the Rockwell-Swaledale resource room was too short a period to permit meaningful comparison of that district's program with the Meservey-Thornton program. The board also found that the success of the Meservey-Thornton program was not a sufficient basis for determining that the Rockwell-Swaledale program was incompetent or contrary to Michael's best interests. One district's program is not made inappropriate merely because another district has a better program. The board concluded that the Rockwell-Swaledale program was appropriate to meet Michael's educational needs. This conclusion is supported by substantial evidence and has not been demonstrated to be unreasonable, arbitrary or capricious. We have no occasion to determine what relief would have been available if petitioner had proved his allegations.

Petitioner complains that the board also erred in refusing to grant him relief because of procedural mistakes of the Rockwell-Swaledale district in its handling of Michael's placement. Substantial evidence supports the board's finding that these mistakes do not affect the appropriateness of the district's special education program.

Petitioner also complains that the state superintendent should not have participated in the administrative hearing because of a conflict of interest inherent in his position. This contention was not raised at the hearing and may not be urged for the first time here.

We have considered all of petitioner's allegations and arguments, whether specifically addressed in the opinion or not, and find them to be without merit.

AFFIRMED.