**CITY OF AKRON, Appellee,**

v.

**AKRON WESTFIELD COMMUNITY SCHOOL DISTRICT, Appellant.**

No. 02–0058.

Supreme Court of Iowa.

April 2, 2003.

James R. Villone and Douglas L. Phillips of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & Lapierre, L.L.P., Sioux City, for appellant.

Paul E. Horvath and F. Richard Lyford of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, and David A. Stuart of Stuart & Peterson, Beresford, South Dakota, for appellee.

PER CURIAM.

Because the taxpayers end up paying for public obligations, set formalities are required for a binding governmental contract. Here those formal actions were not met by a city in its contract with a school district, so the trial court held the contract was void. Because the school district negotiated, entered, and acted on the contract in good faith, school district officials

view the holding as unfair. It is however correct and we affirm.

This unfortunate suit stems from an exceptionally good idea. The superintendent for defendant Akron–Westfield Community School District became interested in wind energy after an old wind turbine was donated to the school district. Initial study results indicated such a project would be feasible only if plaintiff City of Akron became involved. A committee, including both school district and city representatives, met regularly and, after much study, the city and school district entered a written contract. Signed by the city administrator and the school superintendent, it obligated the city to buy electricity generated by the school district's wind turbine. Having participated in its negotiation, the city was certainly aware of the contract, but never approved it by motion, resolution, amendment or ordinance.

Relying on the agreement, the school district constructed a new wind generator which went online the spring of 1999. For about eighteen months the parties operated under the contract's "net billing arrangement." During this period the school district paid the city nothing for city electricity because the wind-generated electricity more than offset the amount of the city's electricity used by the school district. The legality of the agreement was first questioned during a city audit in the spring of 2000.

After a new mayor was elected the city brought this suit on its open account for the school district's use of electricity. The city claimed the wind turbine contract was void under Iowa Code section 364.3(1) (2001) which provides "[a] city council shall exercise a power only by the passage of a motion, a resolution, an amendment, or an

ordinance."[1] The school district responded, alleging the city was equitably estopped from asserting the contract was void.

■ **I.** The trial court rejected the school district's claim of equitable estoppel and sustained the city's motion for summary judgment. A party filing such a motion surrenders all disputed facts because, to prevail, the movant must be entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). If a conflict exists only in the legal consequences flowing from undisputed facts, or from facts viewed most favorably toward the resisting party, summary judgment is appropriate. *Humphries v. Trustees of the Methodist Episcopal Church,* 566 N.W.2d 869, 872 (Iowa 1997).

■ **II.** A city's compliance with Iowa Code section 364.3(1) is crucial. It is clear that any contract with a city entered without a formal motion, resolution, amendment or ordinance is void. *Riley v. City of Hartley,* 565 N.W.2d 344, 348 (Iowa 1997). A contract, unlawful for lack of authority, is not rescued by good faith. *Marco Dev. Corp. v. City of Cedar Falls,* 473 N.W.2d 41, 43 (Iowa 1991). Those who negotiate or enter contracts with a municipality are charged with notice of the limits on the municipality's authority. *Miller v. Marshall County,* 641 N.W.2d 742, 751 (Iowa 2002).

The rule imputing knowledge of a city's limitations might strike a casual observer as unduly harsh, but its rationale is apparent. Out of respect for the legislature we assume the formal requirements of section 364.3(1) protect city taxpayers, and are a good idea. Thus it would be a bad idea to

---

1. The city has alternative theories which will be rendered moot under our holding. They will not be discussed.

frustrate those requirements, either—as here—inadvertently by the unwary, or—in another case—deliberately by the unscrupulous.

■ The school district concedes all the foregoing but defends on its claim of equitable estoppel. On this issue, though the equities seem to favor the school district, the law does not. As the trial court pointed out

> [t]he essential elements of the affirmative defense of equitable estoppel are: (1) a false representation or concealment of material facts; (2)[a] lack of knowledge of the true facts on the part of the actor; (3) the intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury. *Johnson v. Johnson*, 301 N.W.2d 750, 754 (Iowa 1981).

The equitable estoppel claim fails on the first element. The trial court put it precisely:

> Giving the school the benefit of every inference, the record contains no evidence of the first element. At best, it appears the city was as mistaken as the school in believing the city administrator could bind the city without the council's passage of a motion, resolution, amendment or ordinance. There is no evidence the city represented its compliance with section 364.3 was unnecessary or evidence it tried to conceal the limitations on the council's power.

■ There is a further rule that equitable estoppel is generally unavailable against a governmental body and is applied against a city only under exceptional circumstances. *City of Marshalltown v. Reyerson*, 535 N.W.2d 135, 137 (Iowa Ct. App.1995). But this rule does not supplant any of the four elements required for equitable estoppel. Even if we were to pretend the facts here would amount to exceptional circumstances, equitable estoppel would remain unavailable for want of false representation or concealment of material facts.

**III.** The school district suggests the failure to comply with the formal requirements of section 364.3(1) should be overlooked because both contracting parties are governmental entities. It argues that the same taxpayer protected by the statute will suffer when required to make good for the void contract. The trial court correctly rejected this contention. The statute makes no exception for a city's dealings with another governmental entity. Perhaps this is because involvement of two contracting governmental entities rather than one would elevate, not lower, the importance of compliance with the statute.

■ In all likelihood this holding will not go down well with the school district officials who obviously acted in the best of good faith in what they perceived as the public interest. We think our holding is nevertheless demanded. The legislature considered it of first importance for city officials to observe formal requirements before obligating taxpayers to finance the affairs of city government. Any party, including even another public entity like a school district, must yield to those set formal requirements.

**AFFIRMED.**