# IN THE SUPREME COURT OF IOWA

No. 18–0047

Filed May 24, 2019

**ISAAC ORTIZ,**

Appellant,

vs.

**LOYD ROLING CONSTRUCTION**
and **GRINNELL MUTUAL REINSURANCE,**

Appellees.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Petitioner appeals from an order by the district court dismissing a petition for judicial review. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Anthony J. Bribriesco and Andrew W. Bribriesco of Bribriesco Law Firm, PLLC, Bettendorf, for appellant.

Stephen W. Spencer and Christopher S. Spencer of Peddicord Wharton, LLP, West Des Moines, for appellees.

Thomas J. Miller, Attorney General, and David M. Ranscht and Alan W. Nagel, Assistant Attorneys General, for amicus curiae State of Iowa.

**CADY, Chief Justice.**

The question presented in this appeal is whether Iowa Code section 17A.19(2) (2017), which imposes a jurisdictional requirement for the petitioner in an action for judicial review to timely *mail* a copy of the petition to attorneys for all the parties in the case, is satisfied when the attorney representing the petitioner timely *emails* a copy of the petition to opposing counsel. The district court held that a copy sent by email failed to comply with the statute and dismissed the petition for judicial review on jurisdictional grounds. On our review, we vacate the court of appeals decision, reverse the decision of the district court, and remand the case to the district court for further proceedings. We hold that emailing between attorneys in Iowa satisfies the jurisdictional requirement of section 17A.19(2).

## I. Background Facts and Proceedings.

Isaac Ortiz filed a petition for judicial review with the district court on September 19, 2017, after the Iowa Workers' Compensation Commissioner issued a decision in a contested case proceeding filed against Loyd Roling Construction. The following day, September 20, the attorney representing Ortiz, Andrew Bribriesco, emailed a file-stamped copy of the petition to Stephen Spencer, the attorney representing Loyd Roling Construction.

On September 28, Spencer emailed Bribriesco to inquire if he intended to send him a copy of the petition by "regular mail." Bribriesco used the USPS Mail Services to send Spencer a copy of the petition but not until after September 29, the expiration of ten day since its filing.

Loyd Roling filed a motion to dismiss the petition for judicial review. It claimed the district court lacked jurisdiction over the action because Ortiz's attorney did not mail the copy of the petition through the

postal system until more than ten days after the petition was filed, as required by Iowa Code section 17A.19(2).

The district court dismissed the petition. It held the language of the statute only provided for mail through the postal system or personal service and that electronic mailing did not constitute substantial compliance with the statute.

Ortiz appealed, and we transferred the case to the court of appeals. He argued his attorney substantially complied with the statutory requirement by timely emailing a copy of the petition to opposing counsel. The court of appeals did not agree and affirmed the district court's ruling. We granted Oritz's application for further review.

## II. Standard of Review.

Our review in this case is to correct errors at law. *See Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016) (explaining our review of "a district court's ruling on a motion to dismiss is for correction of errors at law"); *Schaefer v. Putnam*, 841 N.W.2d 68, 74 (Iowa 2013) (noting we review rulings regarding subject matter jurisdiction and statutory construction questions for errors at law).

## III. Analysis.

The statute at the center of this case was enacted in 1975. *See* 1974 Iowa Acts ch. 1090, § 19 (codified at Iowa Code § 17A.19(2) (1975)). At the time of enactment, it required file-stamped copies of the petition for judicial review to be "mailed" by a petitioner to all parties within ten days of the time the petition was filed in district court. Iowa Code § 17A.19(2).

In 1981, the legislature amended the statute to add personal service of the copies of the petition as an alternative way to comply with the jurisdictional requirement. *See* 1981 Iowa Acts ch. 24, § 1 (codified

at Iowa Code § 17A.19(2) (1981)). It also provided that service may be made upon the parties' attorneys of record. *Id.* The statute has not been amended since that time and, in relevant part, provides,

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency. A mailing shall be addressed to the parties or their attorney of record at their last known mailing address.

Iowa Code § 17A.19(2) (2017).

At the time the statute was enacted, and when it was subsequently amended, electronic mailing was little more than a thought of a few, and the concept had little application or appreciation in society. *See Brady v. City of Dubuque,* 495 N.W.2d 701, 705 (Iowa 1993) (indicating courts may consider contemporary circumstances). It was in its infancy. The statute was enacted before what is now known as email was commonly used to send written communications.

But today, email is one of the primary and accepted forms of sending communications in society. It has largely displaced mail by the postal service in most instances, including the legal system in Iowa. Email is not only the expected form of communication today but generally the required or preferred form. *See* Iowa R. Civ. P. 1.442(2) (permitting service by mail or email); *see also* Iowa R. Elec. P. 16.315(1)(*a*) ("Completing the registration process . . . constitutes a request for, and consent to, electronic service of court-generated documents and documents other parties file electronically."); *id.*

r. 16.315(1)(*b*) (governing electronic service of documents through electronic mail).

The district court rejected Ortiz's argument that an email substantially complies with the mailing requirement of the statute. It based its holding primarily on the principle that a change in the statute can only come from the legislature. We agree the substantial-compliance doctrine under Iowa Code section 17A.19(2) cannot be applied to change the jurisdictional requirement. *See generally Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988) ("[W]e have consistently held that substantial—not literal—compliance with section 17A.19(2) is all that is necessary to invoke the jurisdiction of the district court."). Instead, the doctrine permits leeway in meeting the requirements of the statute when the facts and circumstances indicate the purpose and meaning of the statute have been met. *Id.* at 194–95. The purpose of the statute is to make judicial review simple and accessible by providing for an efficient and effective process. *Id.*

We acknowledge that the leeway permitted under the substantial-compliance doctrine would not normally include using a means of communication different than provided under the statute. Instead, substantial compliance has mostly been applied to circumstances involving the timing of and deviations in the notice provided, not the method of notice. *See Brown*, 423 N.W.2d at 196 (holding petitioner's service by mail two days before the actual filing date constituted substantial compliance); *Buchholtz v. Iowa Dep't of Pub. Instruction*, 315 N.W.2d 789, 792–93 (Iowa 1982) (finding substantial compliance despite the mailed petition naming only one of the three closely related entities); *Cowell v. All-Am., Inc.*, 308 N.W.2d 92, 94–95 (Iowa 1981) (holding petitioners substantially complied with the statute by mailing the petition

to the opposing counsel instead of the opposing party); *Frost v. S. S. Kresge Co.*, 299 N.W.2d 646, 647–48 (Iowa 1980) (en banc) (concluding a petition that misnamed an agency substantially complied with the statute). *But see Dawson v. Iowa Merit Emp't Comm'n*, 303 N.W.2d 158, 160 (1981) (holding the service of the original notice on respondent did not substantially comply with a statute requiring the mailing of a file-stamped copy of the petition); *Neumeister v. City Dev. Bd.*, 291 N.W.2d 11, 14 (Iowa 1980) (concluding personal service of notice failed to comply with the notice statute prior to its 1981 amendment); *Record v. Iowa Merit Emp't Dep't*, 285 N.W.2d 169, 172–73 (Iowa 1979) (finding noncompliance with notice statute when petitioner failed to mail a copy of the petition to a party of record).

Email, however, is used far more often among attorneys than postal mail and has replaced postal mail as the normal means to transmit legal documents among lawyers in Iowa. This displacement draws email into the circle of substantial compliance. It is not the type of defect the doctrine was developed to reject. Instead, it fits today within its purpose and scope and, for sure, caused no prejudice. Moreover, between attorneys, the notice objective of the statute is met by the use of email as much, if not more, as by postal service mail.

Thus, while the leeway sought by Ortiz in this case might have been rejected under the substantial-compliance doctrine a decade or two ago, it cannot be rejected today. Most attorneys would even expect and want to receive such notice by email in this instance as they do in most all other instances in our court system. In fact, all the communications between the attorneys in this case occurred by email. To require under the substantial-compliance doctrine that postal mail be used would be perfunctory and contrary to the doctrine.

We agree with the district court that the word "mail" in the statute when enacted by the legislature in 1975 and amended in 1981 generally applied to postal service mail. Additionally, we agree that the rules of civil procedure that make emailing the means of communicating in our court system do not trump a contrary provision of the Code under chapter 17A. *See* Iowa R. Civ. P. 1.1601. However, neither proposition is outcome determinative in this case.

Our rules of statutory construction do not only utilize linguistic rules to decide the meaning of a statute. We also use legal rules that speak to how a legal system is required to resolve problems with the text of a statute. This set of rules rely on practices and inferences based on policies external to the statute that the legislature knew would be needed by courts in the future at times to resolve problems in the application of facts that were unimaginable at the time of the enactment.[1]

We consider the meaning of the statute, not a legislative meaning detached from the words used. *State v. Jennie Coulter Day Nursery*, 218 N.W.2d 579, 582 (Iowa 1974). Another approach is to construe the objects sought to be accomplished and the consequences of a particular construction. *Bevel v. Civil Serv. Comm'n*, 426 N.W.2d 380, 382 (Iowa 1988). Moreover, we have in the past construed statutes written in an era that fit the means of communication at the time but were later displaced by different forms of communication. *See Andover Volunteer*

---

[1]Linguistic canons are designed to handle *communications*, so their validity turns directly on the linguistic practices of those who write and read legislation. But individual legal rules are derived from broader legal conventions, so their validity turns on the recognized legal practices of those who constitute the legal system (perhaps including judges, officials, lawyers, or the legally educated public), and on inferences from these practices that the participants themselves might not have drawn.

William Baude & Stephen E. Sachs, *The Law of Interpretation*, 130 Harv. L. Rev. 1079, 1124 (2017) (footnote omitted).

*Fire Dep't v. Grinnell Mut. Reins.*, 787 N.W.2d 75, 85 (Iowa 2010) (discussing the implication of alerts sent to decedent's pager, although the relevant statute was written before the advent of the technology). Our legislature used the word "mail" in 1975 and 1981 to describe current routine systematic methods of sending written communications. At the time, the current method was postal service. But this, however, should not preclude the word to apply to a means of communication that would later displace postal mail as the standard and most reliable means of routine, reliable communication.

Section 17A.19(2) is properly construed to include email "made upon the parties' attorney of record" when done pursuant to Iowa Court Rules governing electronic service. This interpretation promotes the objects of the statute to provide a reliable and convenient form of communication and is consistent with the common and expected manner that lawyers send and receive legal documents in Iowa today. Any other method of communication would be unexpected and jeopardize the purpose of the statute. Any other outcome would put statutes and courts out of touch with change that is expected and desired in life.

**IV. Conclusion.**

We conclude the service requirement under section 17A.19(2) is satisfied when a lawyer emails a copy of the petition to opposing counsel. We vacate the court of appeals decision, reverse the decision of the district court, and remand the case for further proceedings.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

All justices concur except McDonald, J., who takes no part.