# IN THE COURT OF APPEALS OF IOWA

No. 19-0310
Filed September 11, 2019

**STEVEN J. BELL, JR.,**
        Petitioner-Appellee,

**vs.**

**3E, a/k/a ELECTRICAL & ENGINEERING CO.,**
**and TRAVELERS INDEMNITY CO. OF CT.,**
        Respondents-Appellants.
_____

        Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

        Respondents appeal the district court's decision denying their motion to dismiss petitioner's petition for judicial review on the ground he failed to timely serve notice of the petition.  **REVERSED AND REMANDED.**

        James M. Ballard of Ballard Law Firm, PLLC, Waukee, for appellants.

        Mark S. Soldat of Soldat & Parrish-Sam, PLC, West Des Moines, for appellee.

        Considered by Potterfield, P.J., Greer, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

3E, also known as Electrical & Engineering Company, and Travelers Indemnity Company (together referred to as respondents) appeal the district court's decision denying their motion to dismiss Steven Bell Jr.'s petition for judicial review on the ground Bell failed to timely serve notice of the petition. We determine the district court erred by denying the motion to dismiss, as Bell did not substantially comply with the requirements for service of notice found in Iowa Code section 17A.19(2) (2018). We reverse the decision of the district court and remand for an order dismissing the petition for judicial review.

## I. Background Facts & Proceedings

On May 22, 2018, Bell filed a petition for judicial review of a decision of the workers' compensation commissioner. The petition stated it was served electronically by means of the Electronic Document Management System (EDMS) to the attorney for respondents, James Ballard of the Ballard Law Firm, P.L.L.C.

On its own initiative, the district court issued an order on August 22, stating there was no evidence in the record to show Bell served the respondents notice as required by Iowa Rule of Civil Procedure 1.302(5). The court ordered Bell to file a return of service or other document showing service on the respondents within fourteen days. In the alternative, the court informed Bell he could file a motion for good cause to timely serve notice and request an extension of time. The court informed Bell it would dismiss the case if he failed to comply with these requirements.

On August 27, Bell moved to extend the time for service of the judicial review petition. He attached an affidavit from his attorney's legal assistant, who

stated she was unaware of the need to mail a copy of the judicial review petition in addition to electronically serving notice. Bell also attached a copy of a certified mail receipt showing he sent notice to the Ballard Law Firm on August 24. The respondents resisted the motion and requested dismissal. The district court granted the motion to extend time, stating, "The court does not condone the delay in service present here. However, under this record the delay in service will not prejudice 3E."

During oral argument on the merits of Bell's petition for judicial review, the respondents again moved to dismiss the petition based on Bell's failure to serve timely notice. Bell resisted. The district court denied motion, and the respondents now appeal.

## II. Service of Notice

The respondents claim the district court should have granted their motion to dismiss on the ground Bell's petition for judicial review did not substantially comply with the service requirements found in section 17A.19(2). The respondents assert the court was without jurisdiction to consider Bell's petition for judicial review because he did not timely mail notice of the petition. This case involves the district court's ruling on a motion to dismiss, and our review is for the correction of errors at law. *Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 653 (Iowa 2019).

Section 17A.19 provides "the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action."[1] Section 17A.19(2) provides:

---

[1] The district court first analyzed whether service complied with rule 1.302(5). We determine this rule does not apply because section 17A.19 provides the exclusive means

Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency. A mailing shall be addressed to the parties or their attorney of record at their last known mailing address. Proof of mailing shall be by affidavit.

The mailing requirements of section 17A.19(2) are "mandatory and jurisdictional." *Cunningham v. Iowa Dep't of Job Serv.*, 319 N.W.2d 202, 204 (Iowa 1982). "Thus, a failure to comply with them deprives the district court of appellate jurisdiction over the case." *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988). The issue of subject matter jurisdiction may be raised at any time. *Cooksey v. Cargill Meat Solutions Corp.*, 831 N.W.2d 94, 97 (Iowa 2013).

Section 17A.19(2) "should not be construed to make all errors or omissions in service jurisdictional." *Frost v. S. S. Kresge Co.*, 299 N.W.2d 646, 648 (Iowa 1980). The Iowa Supreme Court has "consistently held that substantial—not literal—compliance with section 17A.19(2) is all that is necessary to invoke the jurisdiction of the district court." *Brown*, 423 N.W.2d at 194. "[T]he [substantial compliance] doctrine permits leeway in meeting the requirements of the statute when the facts and circumstances indicate the purpose and meaning of the statute have been met." *Ortiz*, 928 N.W.2d at 654. "The purpose of the statute is to make

---

for service of petitions for judicial review of an agency decision. *See Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 642 (Iowa 2013) ("The provisions in chapter 17A.19 are 'the exclusive means' by which a party may seek judicial review.").

judicial review simple and accessible by providing for an efficient and effective process." *Id.* However, a party's failure to substantially comply with the requirements of section 17A.19(2) "precludes the district court from acquiring jurisdiction of the case." *Buchholtz v. Iowa Dep't of Pub. Instruction*, 315 N.W.2d 789, 791–92 (Iowa 1982).

Under Iowa Rule of Electronic Procedure 16.314(3), "[o]riginal notices must be served upon the party against whom an action is brought in accordance with the Iowa Code and the Iowa Rules of Civil Procedure." "Electronic service cannot be used to serve an original notice or any other document that is used to confer personal jurisdiction." Iowa R. Elec. P. 16.314(3) cmt. The notice sent via EDMS at the time the petition was filed did not substantially comply with the notice requirements of section 17A.19(2) because rule 16.314(3) prohibits service of original notice by means of EDMS.

In *Ortiz*, the Iowa Supreme Court determined service of notice by email substantially complied with the notice provisions of section 17A.19. 928 N.W.2d at 655. While *Ortiz* addressed changes in communication (mailing) due to technology and the substantial compliance doctrine, such doctrine "cannot be applied to change the jurisdictional requirement." *Id.* at 653–54. Accordingly, the *Ortiz* analysis is not instructive here because jurisdiction is conferred only by a mailing or by personal service and neither was accomplished by simply filing the petition through the EDMS system. We conclude Bell did not serve the respondents with notice of the petition for judicial review within ten days, as mandated by section 17A.19(2).

We turn then to the issue of whether Bell substantially complied with the notice provision of section 17A.19(2) by mailing notice on August 24, more than two months after the petition was filed on May 22.[2]  A slight delay in service of notice may be considered to be in substantial compliance with the statute, depending on the facts of the case.  *See Monson v. Iowa Civil Rights Comm'n*, 467 N.W.2d 230, 232 (Iowa 1991) ("The sheriff's mistake cannot fairly be attributed to [the petitioner], and the [agency] has established no prejudice flowing from the brief delay.").

Generally, for there to be substantial compliance, "the petitioner has made some attempt to comply with section 17A.19(2)."  *Birchansky v. Iowa Dep't of Pub. Health*, No. 12-1827, 2013 WL 3830196, at *4 (Iowa Ct. App. July 24, 2013); *see also Van Baale*, 2007 WL 252774, at *2 (noting there had not been substantial compliance with the statute because petitioner did not attempt to serve notice within the ten-day period after filing a petition for judicial review).

Bell did not adequately attempt to mail notice within the ten-day period.  His attempt to send notice via EDMS did not substantially comply with the requirements of section 17A.19(2) because service of original notice by means of EDMS is prohibited by rule 16.314(3).  We find Bell did not substantially comply with the notice requirement of section 17A.19(2) and this deprived the district court of jurisdiction to consider the petition for judicial review.  *See Brown*, 423 N.W.2d

---

[2]  In considering whether the district court properly granted Bell an extension of time to serve notice, we note section 17A.19 does not provide for an extension of time based on good cause or any other factor.  *See Van Baale v. Emp't Appeal Bd.*, No. 06-0657, 2007 WL 252774, at *2 (Iowa Ct. App. Jan. 31, 2007) ("We have found no cases which excuse untimely service under section 17A.19(2) based on good cause or extenuating circumstances.").

at 194 (noting the failure to comply with the mailing requirements of section 17A.19(2) "deprives the district court of appellate jurisdiction over the case").

We conclude the district court erred by denying the motion to dismiss. We reverse the decision of the district court and remand for an order dismissing the petition for judicial review.

**REVERSED AND REMANDED.**