# IN THE COURT OF APPEALS OF IOWA

No. 19-0943
Filed April 15, 2020

**VANESSA BRUSS,**
　　　　Plaintiff-Appellant,

**vs.**

**GROUT SCOUTS, INC. and ACCIDENT FUND INSURANCE COMPANY OF AMERICA,**
　　　　Defendants-Appellees.
_____

　　　　Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


　　　　A petitioner appeals the dismissal of her petition for judicial review.
**AFFIRMED.**


　　　　Alexander Smith and Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

　　　　Laura Ostrander of Accident Fund Holdings, Inc., Lansing, Michigan, for appellees.


　　　　Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

This appeal calls for us to determine whether actions taken by a party seeking judicial review of an agency decision constituted "substantial compliance" with the service of notice requirements of Iowa Code section 17A.19 (2019). It also calls for us to determine whether the actions of the opposing party excused any failure to act by the party seeking judicial review.

## I.       Factual and Procedural Background

Vanessa Bruss filed a petition with the Iowa workers' compensation commissioner seeking workers' compensation death benefits as the surviving spouse of her husband. The claim was brought against her husband's employer, Grout Scouts, Inc., and its insurance carrier (the employer and its insurance carrier will be collectively referred to as "Grout Scouts"). Bruss later filed a petition with the commissioner seeking full commutation along with a motion for leave to amend her petition to include a claim for full or partial commutation. The motion for leave to amend was denied, and the petition seeking commutation was dismissed. Bruss exhausted all agency review, which culminated with the filing of the appeal decision on behalf of the commissioner on January 8, 2019. Bruss sought judicial review of the agency ruling by filing a petition in district court on January 17. On January 23, her attorney contacted Grout Scouts's counsel by email and asked counsel to accept service of the petition for judicial review "pursuant to Iowa Code [chapter] 17A." Grout Scouts's counsel sent a reply email the next day and agreed to accept service. The reply email requested clarification as to how Bruss's attorney had served the notice of appeal and the appeal brief during the agency review process, as Grout Scouts's attorney had not received either document.

Several weeks later, not having received the petition for judicial review, Grout Scouts's counsel again contacted Bruss's counsel via email on February 12. Grout Scouts's counsel noted that she had not been served any "notice of appeal" and inquired whether Bruss filed an appeal in district court. In response, Bruss's counsel stated he would provide an acceptance of service to Grout Scouts's counsel the next day, but, "in the meantime," attached a copy of the petition for judicial review and exhibits.

Grout Scouts filed a motion seeking to dismiss Bruss's petition, arguing counsel's agreement to accept service "did not include an agreement to accept service outside the requirements of" Iowa Code section 17A.19, which establishes the procedures for judicial review of final agency decisions. The district court found Bruss's failure to serve a copy of the petition deprived the court of jurisdiction over the appeal, and it granted the motion to dismiss. The district court also denied Bruss's later motion to enlarge findings to address equitable estoppel, citing its lack of jurisdiction. Bruss appeals.

## II.    Standard of Review

"Our standard of review for a district court's ruling on a motion to dismiss is for correction of errors at law." *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016). We apply the same standard when reviewing subject matter jurisdiction rulings. *Schaefer v. Putnam*, 841 N.W.2d 68, 74 (Iowa 2013).

## III.    Analysis

At issue is the provision of section 17A.19 that establishes the notice requirement for judicial review of administrative decisions. That provision states, in relevant part:

> Within ten days after the filing of a petition for judicial review the petitioner shall serve by the means provided in the Iowa rules of civil procedure for the personal service of an original notice, or shall mail copies of the petition to all parties named in the petition and, if the petition involves review of agency action in a contested case, all parties of record in that case before the agency. Such personal service or mailing shall be jurisdictional. The delivery by personal service or mailing referred to in this subsection may be made upon the party's attorney of record in the proceeding before the agency.

Iowa Code § 17A.19(2).

There is no dispute that Bruss did not meet the ten-day notice requirement of section 17A.19(2). Rather, Bruss asserts she substantially complied with the notice requirements of the statute. Alternatively, Bruss argues Grout Scouts is equitably estopped from challenging any notice deficiencies based on Grout Scouts's counsel's email agreeing to accept service of the petition for judicial review.

### A.      Substantial Compliance

We will start by addressing Bruss's substantial compliance argument and the legal principles that apply to it. So long as a petitioner substantially complies with section 17A.19(2), the district court has jurisdiction over the petition for judicial review. *See Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988) ("[W]e have consistently held that substantial—not literal—compliance with section 17A.19(2) is all that is necessary to invoke the jurisdiction of the district court."). The substantial compliance "doctrine permits leeway in meeting the requirements of the statute when the facts and circumstances indicate the purpose and meaning of the statute have been met." *Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 654 (Iowa 2019).

Bruss argues she substantially complied with section 17A.19(2) by seeking and obtaining an agreement from Grout Scouts to accept service of the petition for judicial review. She mainly relies on the Iowa Supreme Court's decision in *Ortiz*, 928 N.W.2d 651, which the supreme court decided a few weeks after the district court ruled on the motion to dismiss. That decision, however, does not support Bruss's argument. *Ortiz* holds that, in spite of the word "mail" used in the statute, the notice requirements of section 17A.19(2) are satisfied via the substantial compliance doctrine when a lawyer emails a copy of the petition to opposing counsel. 928 N.W.2d at 655. In *Ortiz*, the ten-day notice requirement was met via email. *Id.* at 652. Nowhere in *Ortiz* does the supreme court endorse the notion that a party can substantially comply with section 17A.19(2) by failing to send either an electronic or paper copy of the petition to the required parties within the ten-day period. Most cases in which substantial compliance has been found, and even when it has not, involved situations where the party seeking judicial review made some effort to serve notice.[1] Here, no effort to serve notice of the petition was

---

[1] *See Ortiz*, 928 N.W.2d at 652 (a copy of the petition emailed to opposing counsel); *Brown*, 423 N.W.2d at 196 (service by mail two days before the actual filing date constituted substantial compliance); *Buchholtz v. Iowa Dep't of Pub. Instruction*, 315 N.W.2d 789, 792–93 (Iowa 1982) (finding substantial compliance despite the mailed petition naming only one of the three closely related entities); *Cowell v. All-Am., Inc.*, 308 N.W.2d 92, 94–95 (Iowa 1981) (holding petitioners substantially complied with the statute by mailing the petition to the opposing counsel instead of the opposing party); *Frost v. S. S. Kresge Co.*, 299 N.W.2d 646, 647–48 (Iowa 1980) (en banc) (concluding a petition that misnamed an agency substantially complied with the statute). *But see Dawson v. Iowa Merit Emp't Comm'n*, 303 N.W.2d 158, 160 (Iowa 1981) (holding the service of the original notice on respondent did not substantially comply with a statute requiring the mailing of a file-stamped copy of the petition); *Neumeister v. City Dev. Bd.*, 291 N.W.2d 11, 14 (Iowa 1980) (concluding personal service of notice failed to comply with the notice statute prior to its 1981 amendment); *Record v. Iowa Merit Emp't*

made. An email to opposing counsel asking if opposing counsel will accept service might establish the manner of service but that alone does not constitute effort to accomplish service. Inherent in the concept of "accepting service" of notice is that such notice will be given at some future time. In this case, such notice was not given until well after the statutory time period had expired and then only after an inquiry from opposing counsel whether a petition for judicial review had been filed. Allowing Bruss to delay service of relevant documents beyond the statutorily-prescribed period contradicts section 17A.19(2)'s purpose of "mak[ing] judicial review simple and accessible by providing for an efficient and effective process." *Id.* at 654. Grout Scouts should not have been placed in the position that it was, as confirmed by its counsel's email of February 12, of having to ask whether a petition for judicial review had been filed and to ask for a copy of it so Grout Scouts could be made aware of the issues raised and prepare to timely respond to them. We conclude Bruss did not substantially comply with section 17A.19(2).

### B. Equitable Estoppel

Bruss further argues Grout Scouts is equitably estopped from challenging the district court's jurisdiction over her petition for judicial review.[2] "Equitable estoppel is a common-law affirmative defense 'preventing one party who has made

---

*Dep't*, 285 N.W.2d 169, 172–73 (Iowa 1979) (finding noncompliance with notice statute when petitioner failed to mail a copy of the petition to a party of record).

[2] While the district court did not address Bruss's equitable estoppel argument in its ruling granting the motion to dismiss, Bruss's subsequent motion to enlarge the ruling preserved this argument for our review even though the district court did not rule on the issue in its ruling on the subsequent motion either. *See Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 884 (Iowa 2014) ("To preserve error on even a properly raised issue on which the district court failed to rule, 'the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.'" (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

certain representations from taking unfair advantage of another when the party making the representations changes its position to the prejudice of the party who relied upon the representations.'" *Markey v. Carney*, 705 N.W.2d 13, 21 (Iowa 2005) (quoting *ABC Disposal Sys., Inc. v. Dep't of Nat. Res.*, 681 N.W.2d 596, 606 (Iowa 2004)). Equitable estoppel has four elements: "(1) a false representation or concealment of material facts; (2) lack of knowledge of the true facts on the part of the actor; (3) the intention that it be acted upon; and (4) reliance thereon by the party to whom made, to his prejudice and injury." *City of Akron v. Akron Westfield Cmty. Sch. Dist.*, 659 N.W.2d 223, 226 (Iowa 2003) (quoting *Johnson v. Johnson*, 301 N.W.2d 750, 754 (Iowa 1981)). "Equitable estoppel must be proven by clear and convincing evidence." *ABC Disposal Sys., Inc.*, 681 N.W.2d at 606.

Bruss has not shown Grout Scouts made "a false representation" or otherwise concealed a material fact as required to invoke the doctrine of equitable estoppel.[3] Bruss claims Grout Scouts's counsel's agreement to accept service constitutes "concealing a material fact." But Bruss does not explain how counsel's agreement "to accept service of a petition for judicial review filed pursuant to Iowa Code [chapter] 17A" misrepresented or concealed a material fact, and she cites no authority supporting her position. Her claim that an agreement to accept service concealed a material fact because it did not disclose that opposing counsel was not willing to accept service "outside the requirements of Iowa Code section

---

[3] Bruss also claims estoppel by acquiescence on appeal, but she does not explain why that doctrine supports reversing the district court's grant of the motion to dismiss or cite to any case law or other authority in support of her claim. Therefore, we decline to address this issue on appeal. Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

17A.19(2)" is unpersuasive. There was nothing misleading about Grout Scouts's counsel's statement agreeing to accept service of notice. Bruss never sent the notice for Grout Scouts's counsel to accept. An agreement to accept service is not in any way an implied agreement to waive time deadlines for such service. If Bruss was requesting an extension of the deadline, Bruss should have asked.[4] The fact that Bruss did not do so is not the fault of Grout Scouts. We conclude Bruss has not met her burden of proof, and she cannot invoke the doctrine of equitable estoppel to prevent Grout Scouts from asserting the district court lacked jurisdiction over the petition for judicial review.

## IV. Conclusion

Since Bruss failed to substantially comply with the notice requirements of section 17A.19(2) and Bruss failed to prove the doctrine of equitable estoppel applied, we find no error in the district court's granting of the motion to dismiss Bruss's petition for judicial review.

**AFFIRMED.**

---

[4] Iowa case law addresses agreements and requests for agreement to extend deadlines for service or filing and the doctrine of estoppel. *See, e.g.*, *Rucker v. Taylor*, 828 N.W.2d 595, 602 (Iowa 2013) (holding that "a vague allusion suggesting service would occur in the future once negotiations fail" was "too vague to constitute an offer to alter the rule by delaying service in exchange for a promise not to seek dismissal"); *Wilson v. Ribbens,* 678 N.W.2d 417, 423 (Iowa 2004) (discussing cases considering the doctrine of estoppel in the service of process context. Entering into an express agreement for an extension of a deadline to serve or file a pleading avoids any estoppel issue. *Wilson*, 678 N.W.2d at 422–23 (recommending as "sound advice" written agreements to extend time for service). Here, other than Bruss's unpersuasive argument that a request to accept service somehow constituted a request to extend the service deadline, there is no claim of an agreement or even a request for an agreement to extend the deadline.