# IN THE COURT OF APPEALS OF IOWA

No. 22-1471
Filed November 21, 2023

**STEVEN BOWMAN,**
Plaintiff-Appellant,

**vs.**

**STATE OF IOWA, IOWA DEPARTMENT OF TRANSPORTATION, IOWA DEPARTMENT OF ADMINISTRATIVE SERVICES, IOWA PUBLIC EMPLOYEE RELATIONS BOARD, and IOWA STATE ATTORNEY GENERAL,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, David W. Nelmark, Judge.

A self-represented plaintiff appeals from the dismissal of his petition for judicial review. **AFFIRMED.**

Steven Bowman, Ames, self-represented appellant.

Brenna Bird, Attorney General, and Andrew Ewing, Assistant Attorney General, for appellees.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ. Langholz, J., takes no part.

**BULLER, Judge.**

The Iowa Department of Transportation (DOT) disciplined employee Steven Bowman in 2019.  Instead of submitting a grievance within the agency, Bowman grieved the discipline directly to the Department of Administrative Services (DAS).  DAS denied the appeal as untimely, and Bowman appealed to the Public Employment Relations Board (PERB).  The State moved to dismiss Bowman's appeal to PERB, and PERB granted the motion because a timely appeal to DAS was required for PERB to acquire jurisdiction.  *See* Iowa Code § 8A.415(2) (2019).  Next Bowman petitioned for judicial review, naming the State, DOT, DAS, PERB, and the Attorney General[1] as defendants.  All defendants but PERB moved to dismiss, arguing Bowman had not perfected timely service.  The district court agreed and dismissed all parties other than PERB before directing Bowman to file proof of service on PERB within fourteen days.  Following a hearing, the district court dismissed Bowman's petition based on deficient service.  Bowman appeals.

On review for correction of errors at law, we affirm the district court.  *See* Iowa R. App. P. 6.907.  The plain language of chapter 17A requires either personal service or service by mail.  Iowa Code § 17A.19(2) (2022).  This service requirement "shall be jurisdictional."  *See id.*  Bowman did not personally serve PERB or mail his petition.  Thus, his petition was not timely served on its face.

Bowman asserts an email to a former DAS attorney was sufficient to satisfy chapter 17A.  Emailing a petition to opposing counsel can be sufficient in some

[1] An Assistant Attorney General initially appeared for PERB, then withdrew her appearance, only for the Solicitor General to appear for PERB after the other State defendants were dismissed.  The reasons for this jockeying are described in the transcript, but we conclude the issue is immaterial to our disposition of this appeal.

circumstances. *See Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 655 (Iowa 2019). But we see two insurmountable problems with Bowman's argument here. First, the attorney represented DAS, not PERB or any other defendant, and the Code requires service on "all parties named in the petition." Iowa Code § 17A.19(2). Second, the attorney had withdrawn from the case before Bowman e-mailed her, and she no longer represented DAS (or worked for the State). Bowman knew this, as he e-mailed the attorney at her new private-law-firm email address. We find the service exception recognized in *Ortiz* is inapplicable.

Bowman also suggests he effected service because he believes the chapter 17A lawsuit was somehow filed in PERB's electronic filing system. There is no evidence in this record that the 17A lawsuit was transmitted to the PERB filing system, only that—as the district court put it—"*something* was filed with PERB." Setting aside any question as to what was filed where, Bowman cites no authority that filing in another electronic system accomplishes service of original notice for purposes of litigation. We are aware of none. *See generally* Iowa Rs. Elec. P. (regulating the courts' electronic filing system).

Finally, we acknowledge Bowman's various general complaints about state government. But he cites no legal authority that would justify relief on these bases. Like the district court, we can understand why Bowman may have felt his attempts to serve the defendants were adequate. But "jurisdiction does not attach, nor is it lost, on equitable principles. It is purely a matter of statute." *Cunningham v. Iowa Dep't of Job Serv.*, 319 N.W.2d 202, 204 (Iowa 1982). We are compelled to enforce the service deadline set by the General Assembly.

**AFFIRMED.**